### FINNEY, LEE & CO. vs. STEAMBOAT FAYETTE.

1. In proceedings against a steamboat, the rules of maratime law govern where there is no statutory law.

2. Maratime liens are divested by a judicial sale in whatever jurisdiction it may be decreed. [See Steamer Raritan vs. Smith.]

*Finney, Lee & Co.* vs. *Steamboat Fayette.*

## ERROR to St. Louis Court of Common Pleas.

POLK, *for Plaintiffs in error, insists:*

1. The demand of the plaintiffs in error was a lien on the boat by the laws of this State.   See Acts of 1839, p. 13; and as such, went with her as part and parcel of her wherever she might go; so that the title set up by the defendant's pleas was still encumbered with the lien in the hands of Alexander, the purchaser.   Story's Conflict of Laws, p. 268, sec. 322, b.

2. The pleas do not state that the demand, on which the boat was sold in Illinois, was a lien on the boat by the laws of that State, but that it was only entitled to priority; so that, if the matter contained in the pleas constitutes a good bar to the plaintiffs' recovery, then it follows, that whenever personal property in one State of the Union is subject to a lien which is valid by the laws of such State, shall be removed to another State, and while there shall be seized and sold by ordinary legal process, the purchaser at such sale will acquire a title to the property freed from the lien.

That mere *priority* does not amount to a lien, and will not be regarded by the courts of another State, is shown by the following cases: Harrison vs. Sterry, 5 Cranch, 289; Ogden vs. Saunders, 12 Wheat., 361

3. I maintain that the plaintiffs in error had, by our statute, a lien of the same kind and force as a tradesman has, by the maratime law, for materials and repairs, or a seaman for wages; and if so, would be entitled to satisfaction of their demand out of the boat, even if Alexander claimed title to her by virtue of a sale under execution in our own State, said claim, upon which the sale took place, not being a lien on the boat.   The Jerusalem, 2 Gal., 345; Chit. Gen. Prac. 521; 3 Kent's Com., 196.

4. If the claim of the plaintiffs in error, as insisted in the preceding point, would be good against Alexander's title, even if it had been acquired by proceedings instituted in the courts of our own State, upon a demand which was *not* a lien on the boat, much more is it good as against the title of said Alexander; derived, as it is, by virtue of a sale in the course of proceedings instituted in the courts of another State, upon a demand which is not stated to be a lien by virtue of the laws of that State.

5. But even if the claim mentioned in defendant's pleas had been a lien on the boat by the laws of Illinois, and had been pleaded as such—though it appears from the record it was not—still, being in conflict with and in opposition to the lien of the plaintiffs upon the boat, which was created by the laws of this State, the courts of this State would give validity to the lien created by our own laws, rather than to the adverse one created by the laws of a foreign State: I mean a State in a legal sense foreign to us.   Story's Conf. of Laws, p. 268, secs. 323, 324, et seq.

6. The provision of the Constitution of the U. S., art. 4, sec. 1, that "the records and judicial proceedings of each State shall have full faith and credit in every other State," does not give them the same *effect* in every other State, that they may have in the State in which they originated.   It is only tantamount to providing, in the language of the court in the case of *Bisoell* vs. *Briggs*, 9 Mass., 462, that "they cannot be contradicted or the truth of them denied."

This article of the Constitution, therefore, is not susceptible of the construction, that if the sale of the boat set up in the pleas passed the title in the State of Illinois, clear of the plaintiffs' lien, that therefore it is not subject to that lien in this State, by the laws of this State.

On the contrary, the principles of comity would require that if the plaintiffs' claim existed as a lien on the boat, when she went into the State of Illinois, and before and at the time of the judicial proceedings and sale set out in the pleas, then such lien should be protected and enforced by the laws and courts of that State.   Story's Conflict, p. 268, sec. 322, b.

LESLIE & HAMILTON, *for Defendant in error, insist:*

The question in this case is, does the sale under the proceedings in the State of Illinois confer a title on David C. Alexander, the purchaser?

1. Sales under execution confer a valid title on a *bona fide* purchaser. This will not be disputed. Long on Sales, 444, and cases there cited.

The sale in this case was made by virtue of proceedings under a law of Illinois creating a *specific lien* upon the boat, and as neither the jurisdiction of the court in which the proceedings were had, nor the regularity of the proceedings, are questioned, we think the sale conclusive upon the parties. Story's Conflict of Laws, pages 267, 268, 271, sec. 325, d; also see pages 335, 336.

If the plaintiffs had a lien upon the boat, they should never have permitted her to leave the jurisdiction where the lien was created, Ill. R. S., 1833, p. 95, without taking steps to enforce such lien. By so doing, they would run the risk of just what has happened in this case, to-wit: the enforcement of a lien by virtue of the laws of a neighboring State, and a sale under the judgment of a competent tribunal; and this Court will give full effect, both to the law and the judicial action under the law. Story's Conflict of Laws, 271; Ohio Ins. Co. vs. Edmonson, 5 Louisiana R., 295 to 305; see Story's Con. of Laws, p. 334, sec. 400.

Foreign judgments and decrees *in rem*, are conclusive every where. See Rose vs. Himely, 4th Cranch, 269, 270; Conflict of Laws, 495, et seq.; Tucker's Com., 279; see also Starkie's Evidence, 1st vol., 232, note 1.

2. Whether the proceedings are in *personam* or in *rem.*, if there be jurisdiction over the person in one case, or over the thing in the other, and such jurisdiction be proved, the same effect will be given here to a judgment rendered in Illinois that would be given to it there. 13 Peters, 312.— The rule applies to justices' judgments. 13 Ohio, 208; 3 Wendell, 267. The effect of the proceedings in Illinois is averred in the pleadings; it is alleged to have converted the property and passed a valid title to Alexander. The laws of Illinois and this State, giving liens for claims against boats, are similar; and the jurisdiction in this case attached and was perfected before any proceedings were commenced on the plaintiffs' claim.

SCOTT, J., *delivered the opinion of the Court.*

On the 2nd February, 1842, the plaintiffs in error commenced proceeding in the Court of Common Pleas of St. Louis county, against the steamboat Fayette, for the purpose of recovering a claim for supplies furnished said boat. The last item of the account bore date on the third November, 1841.

The defendant in error, by D. C. Alexander, representing himself as the owner of said boat, filed two pleas to the plaintiffs' demand, which being substantially the same, only one of them is copied. The 2nd plea was as follows:

"And for further plea in this behalf, the said David C. Alexander says, that the said plaintiffs ought not to have and maintain their aforesaid action against the above named defendant, because he says, that by an act of the Legislature of the State of Illinois, one of the United States of America, entitled "An act authorizing the seizure of boats and other vessels by attachment in certain cases," it is provided, among other things,

that the wages of marineis, boatmen and others, employed in the service of such boats and vessels as run upon the navigable waters within the jurisdiction of said State, shall have preference over all other debts due from the owners and proprietors, and shall be first paid; and it is also further provided by said act, that any person having a demand contracted for wages as a boatman, may have an attachment, to be issued by any justice of the peace having jurisdiction thereof, against such boat or vessel, in any county where such boat or vessel may be found, which said attachment may issue against such boat by name only, and shall authorize and direct the seizure and detention of the same, with the engine, machinery, sails, rigging, tackle, apparel and furniture. And the said Alexander saith that one George Thurston, to-wit: on the fourth day of December, 1841, in the county of Tazewell and State of Illinois aforesaid, had a just and legal demand against said steamboat Fayette, which accrued on account of wages as a boatman on said steamboat Fayette, and that the demand of the said Thurston was within the jurisdiction of a justice of the peace in the said State of Illinois. And the said Thurston, heretofore, to-wit: on the 4th day of December, 1841, at the county of Tazewell aforesaid, sued out an attachment from a justice of the peace, duly and legally commissioned and acting as a justice of the peace, within and for said county of Tazewell, against the said steamboat Fayette, and prosecuted said attachment suit to final judgment against said boat, and the same was by a legal order or execution of the said justice of the peace issued upon said judgment, sold by the constable of said Tazewell county, according to the laws of the State in such case made and provided. And the said Alexander became the legal purchaser thereof, and the same was delivered to him at such sale; all of which will more fully and at large appear by the record and proceedings in said justice's court still remaining, and which are in the words and figures following, that is say: George Thurston vs. Steamboat Fayette; suit commenced by attachment, December 4th, 1841; debt $34 34, on a note for services or wages on board the said boat as watchman and deck hand. Attachment issued on complaint in the following words, (to-wit:) State of Illinois, Tazewell county, *ss.* This day personally appeared before the undersigned, a justice of the peace in and for said county, George Thurston, who, after being duly sworn, deposed and saith, that the steamboat Fayette is indebted to him for wages while he was employed as boatman on board and in the service of said boat in the capacity of watchman and deck hand, in the sum of thirty-four dollars and thirty-four cents, and prays an attachment against [said boat.] Sworn to and subscribed before me,

this 4th day of December, 1841. Geore Thurston. [Seal.]   Alden Hall,
J. P.   And after plaintiff entering into the following bond, to-wit: Know
all men by these presents, that we, George Thurston and David C. Alex-
ander, are held and firmly bound unto the people of the State of Illinois,
for the use and benefit of the owners of the steamboat Fayette, who may
institute a suit hereon, in the penal sum of seventy-eight dollars and
sixty-eight cents, for the payment of which we bind ourselves, our heirs
and assigns, firmly by these presents.   The conditions of this obligation
*is* such, that whereas the above bound George Thurston hath, on the day
of the date hereof, prayed an attachment at the suit of him, the said
George Thurston, against the steamboat Fayette, for the sum of thirty-
four dollars and thirty-four cents, lawful money of the United States, and
and the same being about to be sued out, returnable on the eleventh day
of December instant, to me, at my office in Pekin, in the county of Taze-
well and State of Illinois: now, if the said George Thurston shall pros-
ecute his said suit with effect, or in case of failure therein, shall well and
truly pay and satisfy the owner or owners of the said steamboat Fayette,
all such costs in said suit and such damages as shall be awarded against
the said George Thurston, his heirs, executors or administrators, in such
suit or suits which may hereafter be brought for wrongfully suing out
such attachment, then the above obligation to be void; otherwise to re-
main in full force and virtue.   George Thurston, [Seal] David C. Al-
exander. [Seal]   Taken and acknowledged before me, this 4th day of
December, 1841.   Alden Hall, J. P.

"Attachment issued 4th day of December, 1841, delivered to John M.
Turney, constable, returnable before me at my office, in Pekin, on the
eleventh day of December, instant, at 1 o'clock P. M., in the following
form, to wit: State of Illinois, Tazewell county, ss.   The people of the
State of Illinois, to any constable of said county, greeting: Whereas,
George Thurston hath complained on oath, before Alden Hall, a justice
of the peace in and for said county, that the steamboat Fayette is justly
indebted to him, the said George Thurston, in the sum of thirty-four dol-
lars and thirty-four cents, for wages as a boatman, while he was employ-
ed on board of said boat in the capacity of watchman and deckhand,
and the said George Thurston having given bond and security accord-
ding to the directions of the act in such case made and provided: we
therefore command you that you attach the said steamboat Fayette, if
the said boat be found in your county, and detain the said boat with her
engine, machinery, rigging, apparel and furniture; and the said boat, so
attached in your hands, so to provide and secure, that the said boat with

her engine, machinery, rigging and furniture may be liable to further proceeding thereon according to law, before the undersigned justice of the peace, and make return to me of your proceedings, at my office in the town of Pekin, in said county, on the eleventh day of December instant, at 1 o'clock P. M., and have you then and there this writ, hereof fail not at your peril. Given under my hand and seal, this the 4th day of December, 1841. Alden Hall, J. P., [seal,] justice's costs, $1 18. December 11th, 1841, attachment returned endorsed as follows, to wit: Served the within attachment on the 4th day of December, 1841, on the following property, to wit: The steamboat Fayette. John M. Turney, C. T. C., costs, $1 00. The owners of said boat not present, and no notice having been given to them of the pending of said suit, the cause continued to the 27th inst., at 1 o'clock, P. M., and notice issued as follows to wit: Notice is hereby given to the owners of the steamboat Fayette, that on the 4th day of December, 1841, a suit was commenced by attachment, against said steamboat Fayette, by George Thurston, before the undersigned a justice of the peace, in and for Tazewell county, State of Illinois; said attachment issued for the collection of the sum of thirty-four dollars and thirty-four cents debt, said by the said George Thurston to be due him from the said steamboat Fayette, for wages as a hand, while employed in running said boat in the capacity of a deckhand and watchman, and was returnable before me at my office, in Pekin, in said county, on this 11th day of December, 1841; and the said attachment having been returned, served by attaching said boat, and no appearance having been entered by the owners of said boat, the cause continued to the 27th inst., at 1 o'clock, P. M., at my office, in Pekin, in said county, at which time and place the cause will be tried, and unless you shall appear at the time and place for said trial, judgment will be rendered by default, and the said steamboat Fayette ordered to be sold to satisfy the same. Given under my hand, this 11th day of December, 1841.— Alden Hall, J. P. Notice delivered to John M. Turney, constable, returned endorsed as follows, to-wit: The within notice not served; John M. Turney, C. T. C. Pekin, December 27, 1841. Cause continued to the 5th day of January next, 1 o'clock P. M., and notice issued to the owners of said boat and delivered to John M. Turney, constable, as follows to-wit: Notice is hereby given, to the owners of the steamboat Fayette, that on the 4th day of December, 1841, a suit was commenced by attachment against said steamboat Fayette, by George Thurston, before the undersigned a justice of the peace, in and for Tazewell county, and State of Illinois. Said attachment issued for the col-

lection of the sum of thirty-four dollars and thirty-four cents debt, said by George Thurston to be due him from said steamboat Fayette, for wages as a hand, while employed in running said boat, in the capacity of deckhand and watchman; that the said attachment was returnable before me, at my office, in Pekin, in said county, on the 11th day of December, 1841; and the said attachment having been returned served, by attaching said steamboat Fayette, and no appearance having been entered by the owners of said boat, the cause was continued to the 27th day of December, 1841, at 1 o'clock, P. M., at my office, in Pekin, in said county; and notice issued to the constable, notifying the owners of said boat of the time and place of trial, which notice has been returned by the constable without service, and the cause adjourned to the fifth day of January next, at 1 o'clock, P. M., at my office, in Pekin, in said county; and unless you shall appear at the time and place of trial, judgment will be rendered by default, and the said boat ordered to be sold to satisfy the same. Given under my hand, this 27th day of December, 1841.— Alden Hall, J. P. Notice returned endorsed as follows, to wit: Executed by putting up three copies of the within notice, December 28, 1841, as the law directs. John M. Turney, C. T. C. Costs, $0 75. January 5, 1842. Plaintiff appeared, and no appearance having been entered on the part of the owners of the steamboat Fayette, plaintiff claimed on a note in the following form, to wit: Due George Thurston from steamboat Fayette, thirty-four dollars, for value received. St. Louis, Oct. 9, 1841. $34. 00. C. F. Speyer, Cl'k. S. B. Fayette. And after hearing the proof and allegations of plaintiff, judgment is rendered against the said steamboat Fayette, for thirty-four dollars and thirty-four cents debt, and costs of suit.

| | | |
|---|---:|---|
| Debt on note, | $34 | 34 |
| Costs of justice, | 1 | 18 |
| Do. continuance and note, | 37 | 1-2 |
| Do.    do.    do., | 37 | 1-2 |
| Swearing one witness, | 6 | 1-4 |
| Witness fees, J. Alexander, | 50 | |
| Const. fees, J. M. Turney, | 1 | 75 |
| Order of Jan. 1842, delivered to J. M. Turney, constable, | 25 | |

Order of sale issued January 5th, 1842, in the following form, and delivered to John M. Turney, constable, to-wit: State of Illinois, Tazewell county. The people of the State of Illinois, to any constable of said county, greeting: Whereas on the 4th day of December, 1841, George

Thurston did commence a suit before the undersigned, a justice of the peace, in and for said county, by attachment against the steamboat Fayette, which attachment was returned, served by attaching said boat on the 4th day of December, 1841, returned on the 11th day of December, 1841, and judgment in said cause having been rendered in favor of the said George Thurston against the said steamboat Fayette, for the sum of thirty-four dollars and thirty-four cents, and four dollars and forty-eight cents costs. You are therefore ordered to make sale according to law, of said boat, or so much thereof as will satisfy the judgment and all costs of suit, and make due return. Given under my hand and seal, this 5th day of January, 1842. Alden Hall, J. P., [seal.] Order of sale returned endorsed as follows, to wit: Served on the steamboat Fayette, Jan. 5, 1842. John M. Turney, C. T. C. After legal notice the above named property was sold on the 15th day of January, 1842, for the debt and costs of the within named; and D. C. Alexander was the purchaser. Jan. 15, 1842. John M. Turney, C. T. C. Costs of sale, $3 50. By means whereof, and by force and virtue of the aforesaid legal proceedings in the said State of Illinois, the said D. C. Alexander became, and was the legal owner of the said steamboat Fayette, and all her appurtenances aforesaid, and the said boat became thereby discharged and released from the debt or demand, in the said plaintiff's declaration mentioned, and this the said Alexander is ready to verify, &c. Leslie & Hunton."

To this plea there was a demurrer, which being overruled, the cause was brought here by writ of error.

This case is similar in principle to that of the steamboat Raritan vs. Smith, decided at the present term of this Court. It was there determined that the rules of the maratime law, were in proceedings against steamboats to govern, when there was a failure of statutory regulations. Maratime liens in respect to the mode in which they may be discharged, vary from other liens. A judicial sale will divest them, in whatever jurisdiction it may be decreed.

As to the argument that the statute of Illinois does not enact, that the demand under which the boat was sold, should be a lien upon her, it may be answered, that in the construction of the priority laws of the United States, it has been decided that under them a lien attaches at the commencement of a suit. U. States vs. Hooe, 2 Cr., 84. The law of Illinois gave a demand of the character of that stated in the plea, preference over all debts, and directed that it should be first paid.

The other Judges concurring, the judgment will be affirmed.