RITTER, *et al.*, Respondents, v. STEAMBOAT JAMESTOWN, Appellant.

1. A sale on execution in the state of Louisiana of a steamboat, under a proceeding instituted in that state against the boat and the owner thereof, in which judgment is given against the owner, with privilege on the said steamboat, the said execution being a personal writ against the said owner, commanding the sheriff to demand the amount of the judgment of the owner, and upon his failure to pay to cause the same to be made out of his present property, &c., does not divest the said steamboat of liens previously acquired under the laws of this state.

*Appeal from St. Louis Circuit Court.*

*T. Polk*, for appellant. The Circuit Court erred in the first instruction it gave to the jury. The proceedings in the District Court of New Orleans, and the sale by the sheriff, in pursuance thereof, to Carson & Brooks, were effectual to pass the title of the steamboat Jamestown to the said C. & B., dis-

charged of the lien of the respondent's demand.    They were in the nature, and had the effect, of a proceeding *in rem* in admiralty.    (Finneys v. Steamboat Fayette, 10 Mo. 612 ; Steamboat Raritan v. Smith, 10 Mo. 527 ; Watts v. The Royal Saxon, Am. L. Jour., vol. 2, No. 6, p. 324 ; Civil Code of La., vol. 2, p. 486, § 3, arts. 3204, 3205, 3206–7–8–9–10–11–12–13–14–15 ; Code of Prac. of La., art. 201, 202, p. 284–5, 289, 293, 269.)

*J. R. & T. Barret,* for respondent.    The proceeding in Louisiana not being a proceeding *in rem*, it amounts to nothing more than an attachment to secure the debt ; and a sale under an attachment does not pass the title divested of liens. (S. B. Sea Bird v. Beehler, 12 Mo. 569 ; 1 Conklin's Admiralty, 492, 494 ; Story's Conf. Laws, 402, 592 ; 5 La. 295.)

RYLAND, Judge, delivered the opinion of the court.

This is a proceeding, under the act of this state concerning boats and vessels, against the steamboat Jamestown, for furnishing said boat with provisions, stores and supplies, to the amount of three hundred and ninety-four dollars and six cents. These provisions were alleged to have been furnished said boat on account of Capt. Dodge, who was then captain of said boat ; they were furnished for the use of the boat ; that the boat was then used in navigating the waters of this state.    The petitioners allege that their cause of action against said boat accrued within six months next preceding the suit, and that the boat has entirely failed to pay for the same.    Wherefore they ask judgment against said boat for the said sum of money above mentioned.

The steamboat Jamestown was seized, and the master executed bond with security, which was approved, and the boat discharged from further detention.    The owners of the boat filed their answer, requiring the petitioner to make proof of their cause of action.    They also set up as a defence that the boat had been sold in the state of Louisiana, under a process in the

23—VOL. XXIII.

courts of that state, enforcing a lien for a privileged debt ; that they became the purchasers at the sale in New Orleans, and that by such sale the boat was discharged from all liens thereon, and an absolute title to said boat became vested in them. They aver that the demand of the plaintiffs existed prior to 2d day of December, 1851, that being the date of the commencement of the proceedings against the boat in New Orleans, under which she was sold and bought by these owners, discharged from all liens, as they contend. There was a trial by jury, and verdict for plaintiffs. The defendant moved for a new trial, which being overruled, they bring the case here by appeal.

The bill of exceptions states that the plaintiffs introduced evidence making a *prima facie* case. The defendant gave in evidence various portions of the civil code of Louisiana ; also portions of the code of practice of Louisiana ; also exemplification of record of the Second District Court of New Orleans, Louisiana, of the case of Henry Dietrich v. Steamboat Jamestown, captain and owners ; also proved the bill of sale for the boat made by the sheriff of New Orleans to the owners here defending, and read the same to the jury. The court gave the following instruction : " The jury are instructed that the proceedings in the District Court of Louisiana, set forth in the answer, which resulted in a sale of the boat to Carson & Brooks, and as given in evidence by the defendant, were not effectual *to divest any claim or* lien which the plaintiffs may have against said boat under the laws of this state." The defendant objected and excepted to the giving of this instruction. As this instruction raises the question of most importance, and as there are no serious objections to the other instructions given, I have not noticed them. The main question is, did the sale of the boat, in the manner and mode as is set forth in the exemplification of the proceedings in the District Court of New Orleans, state of Louisiana, in the case of the Dietrich v. The steamboat Jamestown, captain and owners, have the legal effect to pass the title of the boat to the purchasers at that

sale, free and divested of all prior liens against the boat? The Circuit Court held that the sale did not have the effect to discharge the boat of prior liens, and that, in this case, she was liable to the plaintiff's action.

This question is the same substantially as was decided by this court in the case of the Steamboat Sea Bird v. Beehler. (22 Mo. 509.) In looking into the record of the case from the District Court of New Orleans, it is clear that it was not a case of admiralty proceeding. It was not a case against the boat above, but was against the boat, the captain and owners. It was not a proceeding *in rem*, strictly speaking. The petition in that case begins by stating, "that Egbert Dodge, of Alton, state of Illinois, captain and owner of the steamboat Jamestown, and the said steamboat Jamestown, a vessel, &c., are justly indebted to the petitioner," &c., and prays for judgment "against said Dodge and the steamboat Jamestown, with privilege of clerk and one of the crew of said steamboat Jamestown, and for general relief, to be paid by privilege and preference from the proceeds of said boat." Captain Dodge appears in court and makes answer for himself and boat, confessing the allegations in the petition, and says nothing why judgment should not be rendered against him and the boat. The petition is filed on the 2d day of December, 1851; the answer is made the same day; judgment is given for the plaintiff on the same day. This is a personal judgment against Egbert Dodge, with the privilege on the steamboat Jamestown or her proceeds. There is a long list of intervenors, in whose favor against the defendant, Dodge, judgments are rendered, with the privilege against the proceeds of the sale of the steamboat Jamestown. The execution on the judgment against Dodge, in favor of Dietrich, was a personal writ against said Dodge. It commanded the sheriff to demand the amount of the judgment of the said Egbert Dodge, and if he shall not pay the same, after legal demand, that then you cause the same to be made out of the personal estate of said Dodge, except slaves; in case he has not personal estate exclusive of slaves,

then to make the same out of his real estate and slaves. This sale, then, under the view taken by the court in the case of the Sea Bird v. Beehler, is not like a proceeding in admiralty against a vessel—a proceeding *in rem* alone, by which all the world are bound—but rather like our own proceeding in attachment, in which the property attached and sold still remains under the liens theretofore on it.

In the case of Raritan v. Smith, (10 Mo. 527, and Finney *et al.* v. Steamboat Fayette, 10 Mo. 612,) the proceedings were against the boat—were *in rem*—and a judicial sale, in such proceedings, passed the boat to the purchaser, discharged from all liens created by law. These cases were noticed and approved in the case of the Sea Bird v. Beehler. There is nothing inconsistent in the opinions delivered in these cases. In the case of the Sea Bird, the proceedings were not alone against the boat; they were not *in rem;* they were against the boat and the owners of the boat. They were not such proceedings as admiralty courts use against vessels, and therefore not to be controlled by the rules of such courts. In the case now before us, the judgment is a personal one against Dodge, after his appearance and answer confessing the allegations in the petition of the plaintiff. There is a mixture of proceedings. One part is personal; the judgment and execution, the petition and answer, are all based upon the personal liability of Dodge as well as of the boat. The permission of intervenors and their judgments, and the distribution of the proceeds of the sale among the creditors, partake of the nature of proceedings *in rem* in admiralty. But yet we can not say that this is a' proceeding *in rem*. The judgment, in this case, would support an action against Dodge in another jurisdiction. It can not be construed, therefore, to be alone a judgment *in rem*. A sale under it will not free the boat from prior specific liens under our boat law. I suppose a suit against the owner of a boat, with privilege against the boat, under the laws of Louisiana, to have no more effect than a suit here against the owner, with an attachment against the boat. If the privilege against

the boat have the effect of a proceeding in admiralty *in rem*, then the defendants should have made that appear before us. We consider this case fully within the case of the Sea Bird v. Beehler. The judgment must therefore be affirmed; the other judges concurring.