KENNERLY vs. MISSOURI INSURANCE COMPANY.

1. A widow takes her dower in her husband's estate, as against those whose rights to such estate originate at the same time with her right to dower, according to the law in force at the death of the husband, but as against those who have specific rights against such estate prior to the death of her husband, her right to dower will depend upon the law in force at the time such rights originated.

2. A widow, whose husband died in 1840, has no right to dower in lands which had belonged

to him, but had been sold under execution, in 1827, on judgment rendered in 1824. The law then in force, barring the widow of dower in land sold under execution.

ERROR to St. Louis Circuit Court.

CASSELBERRY, *for Plaintiff in error.*

SPALDING & TIFFANY, *for Defendant in error, insist:*

1. Revised Code of 1825, p. 332-3, sec. 1, provides expressly that there shall be no dower in lands sold on execution, and this case is governed by this act. Ibid, 369, sec. 20; sheriff's deed passes right of dower.

2. If this case is *not* controlled by the act of 1825, concerning dower, still the plaintiff in error has no right, as the acts in force prior to 1825, would also divest the dower, or prevent her from claiming it. 1 Edward's Compilation, p. 128, sec. 6; do 399, sec. 9 & 10, this act repeals foregoing; do 410, sec. 45, widows dower referred to in sections 4 & 9; do 442, sec. 5, shows "dower" is used for widows share in personalty; do 509, sec. 1, 4 & 5, repeals only what is repugnant to it; do 857, this does not repeal in terms preceding acts, and makes no provision as to dower, but is merely an act respecting descents. 2 Mo. R., 32, widow under act of 1817, entitled to no dower till debts are paid; and Ibid, 163, sale on execution passed her right of dower, but not her right to stay in mansion house.

Taking the above acts together, to-wit, of 1815 & 1817, which governed the matter of dower till the Code of 1825, the same conclusion follows that there was no dower in lands sold on execution against husband in his life time, even if we consider the acts of 1825, do not govern the case.

NAPTON, J., *delivered the opinion of the Court.*

This was a petition for dower in a lot in the city of St. Louis by Eliza M. Kennerly, widow of the late James Kennerly. The petition states that James H. Kennerly died in August, 1840. Several pleas were filed: 1st, That James H. Kennerly was never seized of such an estate as would entitle the widow to dower; 2nd, That she was not entitled to dower, &c.; 3rd, That after the intermarriage, and in the life time of said James, to-wit, on the 28th March, 1827, said lot was sold under executions then in force, in favor of the President, Directors, & Co., of the Bank of Missouri against said James, issued on valid and subsisting judgments rendered by the St. Louis Circuit Court, and was duly conveyed by the sheriff to one George F. Strother, for the benefit of the United States, by deed dated 30th April, 1827, whereby plaintiff's right of dower was divested; 4th, That after the marriage of said James, and after he had become seized of an estate in fee simple in said lot, to-wit, on the 4th of

June, 1824, the President, Directors & Co. of the Bank of Missouri recovered against the said James, by the judgment of the St. Louis Circuit Court, the sum of $1105 83, and that on the same day and year, the said President, Directors, & Co. of the Bank of Missouri, by the consideration and judgment of the same court, also recovered in another action, theretofore pending against the said James, the sum of $14,375 83, and such proceedings were had on such judgments, that on the 5th April, 1826, the same judgments were duly revived on *scire facias*, and executions thereof awarded, upon which judgments afterwards, on the 8th February, 1827, executions were duly issued against said James, and placed in the hands of the then sheriff of St. Louis county to be executed, under which he duly levied on said lot, and advertised the same for sale; and afterwards in the life time of said James, on the 28th March, 1827, at the court-house door in said county, during the sitting of said court, said sheriff sold said lot in good faith under said judgments and executions to George F. Strother, for the use of the United States, and did thereupon, by his deed. dated 30th April, 1827, convey *said lot in fee simple* to said Strother, whereby all the right and title of said plaintiff was divested, &c.

Demurrers were filed to the 3rd and 4th pleas, and judgment was rendered on the demurrers for the defendant.

The only question which we suppose to be involved in the case, is, whether a sale under execution in 1827, upon judgments rendered in 1824, constitutes a bar to dower in lands so sold.

There is no doubt but that dower must be assigned according to the law in force at the death of the husband. But this is a principle only applicable between the widow and those whose interests have accrued simultaneously with hers. Where the rights of purchasers or others having a specific lien or property, are concerned, those rights must be determined by the law which regulated the subject when the rights originated. It would be monstrous to contend that a purchaser under execution against James Kennerly in 1827, takes the property so purchased, subject to liens not then in existence, but which may be at some subsequent period created by the legislature. The manifest injustice of such a principle would be sufficient to show that it was not the law.

In 1825, the act concerning dower expressly provided, that no widow should be entitled to dower in any lands, which had been sold in good faith under execution against her husband in his life time. Rev. Code of 1825, tit. Dower, sec. 1. The 20th section of the act regulating executions, (p. 369,) provides that the deed, which the sheriff is directed to

execute, for lands sold under execution shall vest all the estate, which the judgment debtor had at the date of the judgment, subject to all liens and incumbrances then existing *except dower.* It seems, indeed, never to have been the law of this State since 1815, that the widow's dower was not conveyed by a sale under execution against her husband until 1835. By the act of July 4, 1807, the widow was entitled to one third of the lands and tenements of which the husband was seized during the coverture, and to which she had not relinquished her claim to dower.— The act of January 21, 1815, expressly excepts lands sold under execution from being subject to the widow's dower. The act of January 25, 1817, declares that the dower of the widow shall be one third part of the estate after all just debts against the estate are paid. The law continued in this position until the revision of 1825. It cannot be doubted, that the act of 1817, did not design to repeal so much of the act of 1815, as excepts lands sold under execution from dower; for the act of 1817 is less favorable to the rights of the widow than the preceding laws on the subject. The act of 1817 was merely amendatory of the previous enactments on the same subject, and does not in terms repeal any portion of them except such as are repugnant to its provisions. It would be strange, if the legislature had made the widow's dower subject to the husband's debts, and yet permitted it to overreach a sale under execution against the husband.

We are therefore of opinion, that the demurrer to the 3d and 4th pleas, was properly overruled.

The other Judges concurring, the judgment is affirmed.