JOHN G. PRIEST, ADMINISTRATOR, Respondent, v. JAMES
A. DEAVER ET AL., Appellants.

St. Louis Court of Appeals, May 11, 1886.

1. ACTIONS—COVENANTS OF WARRANTY—DAMAGES.—A right of action
for a breach of a covenant of warranty against incumbrances
arises upon the covenantee's payment of money to protect his title or
right of possession.

2. ——— LIMITATIONS.—The statute of limitations does not begin to
run against an action for a breach of warranty against incum-
brances, until the covenantee has paid money to protect his in-
terests.

8. ——— ANNUITY.—Where the incumbrance is a judgment charging
an annuity on the land, a new right of action accrues to the cove-
nantee upon the payment by him of each instalment.

4. ——— FORMER ADJUDICATION.—In such a case, a recovery of one in-

stalment is not a bar to a recovery for a second instalment subsequently paid.

**5.** PRACTICE—AMENDING VERDICT.— The trial court may, after the jury has been discharged, amend the verdict so as to correct a manifest error in computation and make it conform to the instructions.

**6.** ——— REMITTITUR.—The trial court having failed to make the cor. rection, the appellate court may do so by ordering a *remittitur*.

APPEAL from the St. Louis Circuit Court, W. H. HORNER, Judge.

*Reversed nisi.*

GIDEON D. BANTZ, for the appellants : The general judgment against the appellants was erroneous ; the judgment should have been special against the property descending. The debt of the ancestor is the debt of the heir only in respect of the property received by descent. *Metcalf v. Smith*, 40 Mo. 572 ; Rev. Stat., sect. 2337. The judgment against husbands of heirs was erroneous. *Wadsworth v. Henderson*, 16 Fed. Rep. 447–451. The cause should, for this reason, be reversed as to all. *Rush v. Rush*, 19 Mo. 441. Interest is not allowed, except by way of anticipation of a recovery against the covenantee for mesne profits. ·Hence, where the covenatee is not liable for mesne profits, the covenantor will not be liable to him for interest. Rawle Cov. Tit. (3 Ed.) 300 ; *Lawless v. Collier*, 19 Mo. 486 ; *Hutchins v. Rountree*, 77 Mo. 500 ; *Foster v. Thompson*, 41 N. H. 380. The breach clearly involved proximate damage ; and like an outstanding term, the damage should be assessed for the future, as well as the present. *Porter v. Bradley*, 7 R. I. 538. The courts have gone even further, and it is held that in breaches of covenants to support for life, the damage for the entire period will be assessed. *Schell v. Plumb*, 55 N. Y. 592 ; *Amos v. Oakley*, 131 Mass. 413.

KRUM & JONAS and W. H. CLOPTON, for the re-

pondent: Intermediate covenantees have no right of action against their covenantors, until they have been compelled to pay damages. Bingham's Act. & Defs. 390 ; *Chase v. Wiclon*, 12 N. H. 413 ; *Booth v. Starr*, 1 Conn. 247 ; *Withy v. Mumford*, 5 Cow. 137, 142. The measure of damages on breach of a covenant against incumbrances is the amount paid with interest. Bing. on Act. & Defs. 415 ; *Prescott v. Truman*, 4 Mass. 627 ; *Thayer v. Clemence*, 22 Pick. 490 ; *Foote v. Bennett*, 10 Ohio 317.

THOMPSON, J., delivered the opinion of the court.

This is an action of the same nature and between, substantially, the same parties as the action which was before this court under the style of *Walker's Administrator v. Deaver* (5 Mo. App. 139), and before the supreme court on a subsequent trial and appeal from a *pro forma* judgment of this court, under the same style, in 79 Mo. 664. The only difference between this action and that is, that there has been a slight change in the parties defendant, and that the object of this action is to recover from the heirs of Larkin Deaver, deceased, according to their respective shares in his estate, received under his will, the aggregate sum with interest, which the plaintiff, as administrator *de bonis non* of Isaac Walker, deceased, had, subsequently to the bringing of this action, been compelled to pay in annual instalments of six hundred and fifty dollars each, to Mrs. Houghan, under a judgment of the St. Louis land court, in liquidation of her dower interest in certain lands originally conveyed by Larkin Deaver. As the facts, upon which the action is based, are fully recited in the opinion of this court, and, also, in that of the supreme court in the former action, it will not be necessary to re-state them, except to say that the payments, to recover back which the plaintiff now sues, were eight annual payments of six hundred and fifty dollars each, made in the month of June of each year, the first in the year 1875 and the last in the

year 1882. There was a trial before a jury, and the plaintiff had a verdict assessing his damages in the aggregate sum of $6,292.00, which was apportioned among the several defendants as hereinafter stated. From this judgment the several defendants have appealed. The judgment is questioned on three grounds.

I. The statute of limitations. This ground is clearly not well taken. The decision of the supreme court in *Walker's Administrator v. Deaver* (79 Mo. 664), which must be regarded as, in a certain sense, the law of this case, and the decision of this court in *White v. Stevens* (13 Mo. App. 240), and several cases cited in these two opinions, show that an action for a breach of a covenant against incumbrances does not accrue until the plaintiff has been compelled to pay money in order to prevent an eviction or to clear off the incumbrance, and, accordingly, that the statute of limitations does not begin to run until that time. In this case, the earliest instalment sued for was paid in 1875, and the action was brought in 1883. The limitation prescribed is the period of ten years (Rev. Stat., sect. 3229), and, therefore, if the plaintiff had a substantial right of action to recover these instalments, the statute has not barred it.

II. The next objection is, that the former recovery is a bar to this action. That recovery was for a number of instalments which had been paid prior to those for which the present action is brought ; that judgment did not include any payment for which the present judgment is rendered. But the argument is, that in a case of this kind, the plaintiff is bound to bring his action for his entire damages, past and prospective ; that his cause of action is for a single breach of the coveanant in the deed sued on, and that he can not divide this cause of action up into a number of successive suits. This, indeed, seems to be the general rule ; but the rule does not seem to apply in a case where dower has been assigned in the form of an annuity charged upon the land, as in this case. Aside

from the objection that the rule, if thus applied, would involve the inconvenience and injustice, to one party or the other, of allowing a recovery of damages based upon an uncertain contingency, it would, also, be inconsistent with the fundamental rule, which obtains in this state in respect of actions upon covenants against incumbrances, which, as already stated, is that the *gravamen* of the action is the loss to which the covenantee or his grantee has been subjected in discharging the incumbrance. If this loss takes the form of a payment of annual instalments to a dowress, awarded to her by the judgment of a court in a proceeding to admeasure her dower under section 2216, Revised Statutes, it is difficult to see upon what ground, in harmony with the rule above stated, the plaintiff could have an assessment in one action of all damages, present and prospective, not only the damages which he has paid, but those which he would probably have to pay, and recover this amount from the heirs of the covenantor. He can not recover anything at all until he has paid something, and, as a necessary corrollary, he can at most recover what he has paid. Although the covenant is technically broken at the time it is made, yet he has no right of action then, because he has suffered no special injury. How, then, could he have recovered in the former action, under this rule, anything which he had not paid? If he could not have recovered in that action the prospective annuities which he would probably have to pay, that judgment is clearly no bar to his present recovery. If, instead of bringing that action, he had waited until the death of the annuitant, all the payments, except those made within the last ten years, would have been barred by limitation. There is, then, no rule of reason or justice which will cut him off from his present action on the ground that the former adjudication is an estoppel.

Between the cases in which there may be successive recoveries upon successive claims arising out of the same contract, and those in which a single recovery for a

breach puts an end to all further liability on that contract, it is sometimes very difficult to distinguish. As was said by this court in *Kerr v. Simmons* (9 Mo. App. 376), the test question generally is, whether the subsequent suit is for a breach of the same, or a different *undertaking* from that upon which the first suit was maintained. Thus, in the case of a lease for a year, with the rent payable monthly, although the contract is a unit, yet there is a separate undertaking for the payment of each month's rent. The lessor, therefore, having recovered judgment for one month's delinquency, may yet sue and recover for the non-payment of a succeeding month's rent. *Kerr v. Simmons* is itself an illustration of the other class of cases. The lessee had covenanted for a surrender of the premises at the end of the term, otherwise to pay double rent for every day he should hold over. He held over for one month; thereupon the lessor sued and recovered the double rent for that month. He held over another month, at the expiration of which the lessor sued again. It was held that he could not recover, because the *gravamen* of the action was, not the several undertakings to pay double rent for each month (which constituted only an agreed measure of damages), but the breach of the single undertaking to surrender possession; and, as this breach had been the subject of one recovery, there could not be another for the same cause. A similar illustration is found in *Booge v. Railroad* (33 Mo. 214). The parties had contracted for a certain period of service by the plaintiff at one hundred and twenty-five dollars per month. When about one-third of the period had elapsed, the plaintiff was discharged without cause. He afterwards sued and got judgment for the amount of wages that would have been earned by him for the months of July and August; and, still later, sued for the wages due for the months of September, October, and November. It was held that he could not recover in the second action, because the

matter was *res adjudicata* in the first suit. There could not be two recoveries for the breach of a single contract for the plaintiff's retention in employment during the time stipulated for.

The general principle asserted in these cases is sustained by numerous authorities in this state and elsewhere. *Wagner v. Jacoby*, 26 Mo. 532 ; 1 Suth. Dam. 175, and cases cited. But it is by no means clear that the same principle may properly be applied to the present case. It will be observed that, generally, if not universally, in the cases referred to, there was a reasonable possibility of estimating in the first suit all the damages, past, present, and prospective, occasioned to the plaintiff by the breach for which he sued. In contemplation of law, therefore, all such damages were included in the verdict. For, since a right of action already existed for all such damages, it is the plaintiff's own fault if he did not include them in his pleading, and he can not be permitted to harass the defendant by repeated litigations over what might have been determined in the first proceeding. But, in the present case, it was utterly impossible, under the law, and in the nature of things, for any estimate to be made of all the damages which might accrue to the plaintiff from a failure of the original warranty, after any given period, so long as Mrs. Houghan might continue to live. No damages could be given, except for payments actually made by the plaintiff in protection of his title against her claim. And, inasmuch as the law and the competent judicial authority of the state have given to those necessary payments, the exclusive shape of an annuity to be payable during Mrs. Houghan's life, the contingencies of her life or death, as well as of her demand of the annual payments, or failure to demand them, or of the disposition or ability of the plaintiff to pay them, or of the dowress to force an eviction for the non-payment of them, would all have to enter into the estimate.

But, aside from the results of abstract reasoning, a yet more important consideration is the utter inconsistency between an application of the rule stated to the present case, and certain rulings of our supreme court. It is held in several that the statutory covenant of seizin, implied by the words "grant, bargain, and sell," is technically broken upon the delivery of the deed, if the paramount title then exists. Yet, for this only nominal damages may be recovered, until there is an actual payment of loss sustained by the covenantee or his grantee, by reason of a paramount title. *Kellogg v. Malin*, 62 Mo. 429; *Chambers v. Smith*, 23 Mo. 174; *Collier v. Gamble*, 10 Mo. 467; *Dickson v. Desire*, 23 Mo. 151, 163; *Magwire v. Riggin*, 44 Mo. 512. In *Walker v. Deaver* (79 Mo. 664), the same rule was extended to the express covenant of warranty against incumbrances here sued on. The statute of limitations, therefore, will not begin to run against the covenantee or his grantee, until such actual pay or loss, as there is no *substantial* right of action before the happening of that event. *Chambers v. Smith, supra; White v. Stevens*, 13 Mo. App. 240. According to this, the present plaintiff had no substantial right of action on his present claim, when the former suit was begun and prosecuted. How is it possible to say that the former suit *adjudicated* the present claim, in contemplation of law, or otherwise, when the plaintiff had not, at that time, even a *right of action* upon it? The only possible solution of this difficulty is to be found in treating the covenant of warranty (since its breach has developed into a liability for periodical payments), as in effect a series of separate undertakings for each year of Mrs. Houghan's lifetime, analogous to those of monthly payments of rent in a lease for one or more years.

Moreover, the rule of damages prescribed by the decisions of our supreme court for such cases leads irresistibly to the same conclusion. The covenantee or his grantee recovers *what he has been compelled to pay* for

removing the incumbrance, if that be a reasonable and fair price. *Henderson v. Henderson*, 13 Mo. 151 ; *St. Louis v. Bissell*, 46 Mo. 157 ; *Kellogg v. Malin*, 62 Mo. 429, 433. This rule of damages is utterly inconsistent with the idea of his being obliged to sue for and recover in one action, not only the certain damages which he has been compelled to pay, but, also, future and contingent damages which he may not be compelled to pay.

III. The third substantial objection is, that the verdict is contrary to the instructions of the court. This objection is clearly well taken. The court instructed the jury to assess the plaintiff's damages at the actual amount paid by the plaintiff to Mrs. Houghan, with interest from the dates of the several payments to the date when the case was submitted to the jury, provided they should find, under the evidence, that this amount was the fair and reasonable value of her dower claim at the time of the several payments. And they were further instructed that they should divide the aggregate amount of the principle and interest so found to be due, and assess nine fifty-sixths of the same against James A. Deaver, nine fifty-sixths against Julia Hewitt, nine fifty-sixths against Laura Shultz and Amos Shultz, nine fifty-sixths against Laura W. Caulfield and John E. Caulfield, nine fifty-sixths against Maria T. Parker and Charles V. Parker, and two fifty-sixths against Fannie Deaver. The jury assessed the aggregate damages at $6,292.00, and they apportioned this sum as follows : Against James A. Deaver, $1,204.85 ; against Julia Hewett, $1,204.85 ; against Louisa Shultz and Amos Shultz, $1,204.85 ; against Laura W. Caulfield and John E.. Caulfield, $1,204.85 ; against Maria T. Parker and Charles V. Parker, $1,204.85 ; and against Fanny Deaver, $267.75. This is clearly not in accordance with the instructions of the court. The amount assessed against each of the first five heirs should have been $1,011.15, and against Fanny Deaver, $224.70. There

was evidently the portion of one heir or the nine fifty-sixth part of the estate not represented by any party to the suit, and the jury evidently committed the error of dividing among the others that which would have fallen upon this heir. The judgment is not for the sum of the damages assessed, but it is, in effect, a separate judgment against each one of the heirs for his proportionate share of the damages assessed, according to the distributive share which he took in the estate of the covenantor. On the principle upon which the jury have proceeded, if only one of the heirs had been before the court, they would have assessed the entire damages against him, which, in *Walker's Administrator v. Deaver* (79 Mo. 664), the supreme court held, could not be done. The error seems to be a clerical one, manifest on its face, such as the court has power to amend. *Acton v. Dooley*, 16 Mo. App. 441.

We can amend it by authorizing a *remittitur* in this court. If the plaintiff will enter within ten days such a *remittitur* in this court as will leave standing, as of the date of the original judgment, a judgment against each of the first five of the heirs above named, in the sum of $1,011.15, and against Fannie Deaver in the sum of $224.70, the judgment will be affirmed as to so much ; otherwise it will be reversed and the cause remanded. It is so ordered. All the judges concur.