STEAMBOAT CITY OF MEMPHIS, Respondent, v. MATTHEWS *et al.*, Appellants.

1. The supreme court will not grant new trials on the ground that verdicts are against the weight of evidence; it is the province of the jury to attach such credit to the testimony of witnesses as they may think it entitled to.

*Appeal from St. Louis Circuit Court.*

*Hamilton* for appellants.

NAPTON, Judge, delivered the opinion of the court.

This case falls within the principle decided by this court in McAfee v. Ryan, 11 Mo. 365. The instructions were not excepted to, and indeed are admitted to be a correct exposition of the law applicable to the facts in evidence. All the testimony was on one side, but the jury disregarded it, and the circuit court, who heard the witnesses, sanctioned the verdict of the jury. We must infer from this that the circuit court was satisfied with the course of the jury. The credit due to witnesses is a matter peculiarly for

a jury, and any control over the finding of a jury in this respect could hardly be judiciously exercised by this court, which possesses no means of forming a correct opinion, and must be guided altogether by what appears on the face of the record. The circuit judge would not of course permit a verdict to stand against his own instructions, and as that court has virtually certified to us that the verdict was right we can not interfere. The cases of the State v. Packwood, 26 Mo. 340, and Phillips v. Riley, 27 Mo. 386, stand upon different principles. The other judges concurring, the judgment is affirmed.