Rosecrans v. The W., St. L. & P. Ry. Co.

ROSECRANS v. THE WABASH, ST. LOUIS & PACIFIC RAILWAY COMPANY, Appellant.

1. **Practice in Supreme Court:** VERDICT AGAINST WEIGHT OF EVIDENCE. Where there is evidence upon which the verdict of the jury may stand, the Supreme Court will not interfere with its finding upon the ground that it is against the weight of the evidence, unless the evidence so preponderates against the finding as to show that it was the result of prejudice or partiality.

2. **Weight of Evidence:** PROVINCE OF JURY. It is the province of the jury to attach such credit to the testimony of witnesses as they may think it entitled to.

*Appeal from Clark Circuit Court.*—HON. BEN. E. TURNER, Judge.

AFFIRMED.

*Wells H. Blodgett* and *F. T. Hughes* for appellant.

Under all the circumstances the court should have instructed the jury to return a verdict for defendant. *Henze v. Railroad Co.*, 71 Mo. 639; Whar. on Ev., § 415; Pierce on Railroads, 292, 320, 322; *Rudolph v. Lane*, 57 Ind. 115; Sacket on Inst. to Juries 33; *Tucker v. Duncan*, 14 C. L. Jour. 14; *Morgan v. Durfee*, 69 Mo. 476; Thompson on Charging Jury 44, 45; *Railroad v. Gretzer*, 46 Ill. 82; *Com'rs. v. Clark*, 94 U. S. 284; *Railroad v. Stumps*, 55 Ill. 367; *Seibert v. Railroad Co.*, 49 Barb. 583; *Lafferty v. Railroad Co.*, 44 Mo. 291; *Seibert v. Railroad Co.*, 72 Mo. 565.

*Hagerman, McCrary & Hagerman* for respondent.

(1) The Supreme Court will not interfere where the verdict is against the direct and uncontradicted testimony of witnesses, on the ground that the jury may have discredited it. *Gregory v. Chambers*, 78 Mo. 294; *Steamboat, &c., v. Matthews*, 28 Mo. 248; *McAfee v.*

*Ryan*, 11 Mo. 365. (2) It has been held that if animals are found badly wounded and dead near a railroad track and blood and hair appear on the track that the presumption of law is that they were struck by the train. *Railway Co. v. Whalen*, 42 Ill. 396; *Blewett v. Railway Co.*, 72 Mo. 582; *Jantzen v. Railway Co.*, *ante*, p. 171; *Railway Co. v. Panco*, 56 Ill. 308; *Railway Co. v. Dement*, 44 Ill. 74. If the testimony for plaintiff made a *prima facie* case that the horses were struck by the train, then even a *nisi prius* court could not set aside the verdict, because unimpeached witnesses testify to the contrary. *French Bank v. Beard*, 54 Cal. 480; *Robinson v. Railway Co.*, 9 Fed. Rep. 877; *Elwood v. Tel. Co.*, 45 N. Y. 549; *Kenney v. Railroad Co.*, 70 Mo. 243; *Robbins Case*, 2 Black 418; *Keyser v. Railway Co.*, 56 Iowa 440; *Stutsman v. Railway Co.*, 53 Iowa 760; *Clark v. Railway Co.*, 55 Iowa 455. (3) It is peculiarly the province of the jury to weigh the evidence and they have the right to accept circumstantial and to reject the direct evidence of witnesses. This has been repeatedly held. *Territory v. Egan*, 13 N. W. Rep. 572; *U. S. v. Exp. Co.*, 15 Fed. Rep. 867; *Marcotte v. Ry. Co.*, 8 Am. and Eng. Ry. Cas. 306; *Babcock v. Ry. Co.*, 17 N. W. Rep. 909. Plaintiff's testimony, though circumstantial, was nevertheless affirmative. *Chubbuck v. Railroad Co.*, 77 Mo. 591; *Sullivan v. Railroad Co.*, 72 Mo. 195; *Martin v. Railroad Co.*, 13 N. W. Rep. 424; *Mack v. Railway Co.*, 77 Mo. 232. (4) The evidence that there were appearances of dragging is not a matter of opinion, but competent evidence of a fact. Abbott's Trial Ev., 587.

NORTON, J.—This case is before us on defendant's appeal from a judgment rendered for plaintiff by the circuit court of Clark county for the alleged killing by defendant of three of plaintiff's horses, and crippling a fourth one.

We are asked to reverse the judgment on the ground

that the verdict is against the evidence. It has been held by this court so repeatedly that where there is evidence upon which the verdict of the jury may stand, that this court will not interfere upon the ground that it is against the weight of evidence, unless the evidence so preponderates against the finding as to show that it was the result of prejudice, that we deem it unnecessary to cite the cases where it is so ruled, or to undertake to vindicate the correctness of the ruling. The only question, therefore, which the appeal presents is not whether the verdict is supported by a preponderance of the evidence as it appears to us in the record, but whether the preponderance against the verdict is so great as to satisfy our minds that it was the result of passion or prejudice.

In this case it is admitted that defendant's road, though passing through an enclosed field, was not fenced where the horses of plaintiff went on the track, and plaintiff's evidence shows that after entering on the track they were tracked from that point to within about twenty-three feet of the east end of the railroad bridge built across a pond of water, where the tracks ceased; that one of the horses was found dead near the embankment near the east end of the bridge and two others, one being a colt, were found dead in the pond of water by the side of and under the bridge; that from a point twenty-three feet east of the bridge that the ground was torn up as if something had been dragged over it; that there was hair and blood on the track from this point out to twenty-eight and one-half feet on the bridge where the ties were pried apart and horses put through and that there was blood and hair there; that the horses were badly mutilated, ribs protruding, flesh torn open, entrails sticking out, and one horse's leg torn off and one of them split on his back from his fore shoulders to his tail. These facts were testified to by four or five witnesses, and under the ruling of this court in the case of *Blewett v. Railroad Co.*, 72 Mo. 583, made out a *prima*

*facie* case for plaintiff. In that case a cow was found by the track of defendant, torn and mutilated, and this was held to make out a *prima facie* case that she was struck by the engine, and sufficient to sustain a verdict for plaintiff.

It is, however, insisted by appellant's counsel that this *prima facie* case was entirely overcome by the evidence of Howard and Sherrod, one of whom was the engineer and the other the fireman, who testified that they were running the engine, and that when they first saw the horses on the track they were about forty yards ahead of the engine; that the whistle was blown, and the engine reversed; that the horses ran up the track and jumped into the bridge; that one of them, after struggling on the bridge, jumped off into the water and swam out towards the fence east of the end of the bridge; that they ran the engine slowly up to the bridge; that they dumped the colt over the side of the bridge into the water and put a log chain around the hind legs of the other horse, hitched the engine to it, and pulled it back about the length of the horse where the ties were wide apart and put it through. Both witnesses testified that none of the horses were struck by the engine.

The plaintiff, in rebuttal, introduced witnesses who stated that the water in the pond was shallow, not over knee deep; that there was neither blood nor hair on the ties, except one west of where the ties were spread apart, and no appearance of a horse having been dragged on the bridge west of the place where the ties were spread apart.

It is claimed by counsel that inasmuch as two witnesses swore positively to the fact that the engine did not strike or come in contact with the horses, but that they jumped onto the bridge and killed themselves, and inasmuch as the verdict of the jury was against this direct evidence, that, therefore, the judgment should be reversed. In upholding this claim we would, in effect,

say that it was the duty of the jury to believe the evidence of these two witnesses, although they might be unable to reconcile the truth of their statement with the fact established by five witnesses as to the mutilation of the animals, the one dumped over the side of the bridge being split on the back from its shoulders to its tail, and with the further fact, contradictory to the fact stated, that one of the horses swam out to the fence, that the water was not over knee deep, and with the further fact that west of the spread ties there was neither blood nor hair, which tended to contradict the statement of defendant's witnesses that the horse was dragged from west to east by hitching the engine to it, at least the length of the horse, to the spread ties when it was put through into the pond.

We are not prepared to do this in view of what has been ruled by this court in the case of *McAfee v. Ryan*, 11 Mo. 365, where it is said: "The only question of fact submitted to the jury was the promise of Mrs. Ryan. On this point, only one witness testified, and the verdict was certainly against his evidence, but we are not authorized for this reason only to disturb it.    *   *   *   As the counsel thought proper to submit a single question to them, and the court distinctly stated the point in the instructions given, and there was but a single witness on the point, the fair inference from the verdict and the refusal of the court to set it aside is, that neither the jury nor the court credited the witness. There is actually nothing on the record to indicate any cause for distrusting the veracity of the witness, but there may have been something in his conduct before the jury or in the relations he bore to the parties, which cannot appear to us." So in the case of *Steamboat v. Matthews*, 28 Mo. 248, it is said: "All the testimony was on one side, but the jury disregarded it, and the circuit court, who heard the witnesses, sanctioned the verdict of the jury. We must infer from this that the circuit court was satisfied with the course of the jury.

The credit due to witnesses is a matter peculiarly for a jury, and any control over the finding of a jury in this respect could hardly be judiciously exercised by this court, which possesses no means of forming a correct opinion, and must be guided altogether by what appears on the face of the record." Judgment affirmed. All concur.