SCHROEDER v. CHICAGO & ALTON RAILROAD COMPANY, *Appellant.*

DIVISION ONE.

1. **Practice :** CREDIBILITY OF EVIDENCE. When plaintiff submits evidence to sustain his burden of proof, the defendant, though offering nothing to contradict it, is entitled to have the jury determine its credibility.

2. **Negligence :** MASTER AND SERVANT. It is part of the personal duty of the master to give direction to the work he undertakes, and to prescribe a system for conducting it. This may be done by rules when necessary, or by the personal guidance of managers and foremen. In so doing the master must use ordinary care for the safety of his employes.

Schroeder v. The C. & A. Ry. Co.

3. ——: FOREMAN : FELLOW-SERVANT. A foreman is not a fellow-servant of a man under his orders in respect to his performance of the master's duty of directing the work in his charge.

4. ——: SERVANT'S ASSUMPTION OF RISK. A servant assumes all ordinary risks of his employment, but not unknown perils arising from negligent direction of the work. The latter are not usual risks of the service.

5. Master and Servant: ORDINARY CARE. An employe is bound to use ordinary care to avoid dangers that arise, whether usually incident to the service or not.

6. ——: ASSUMPTION OF RISK. Persons are justified in assuming greater risks to protect human life than would be sanctioned in other circumstances.

7. —— : OBEDIENCE TO ORDER. Obedience to an order involving personal danger cannot be declared negligent in law, unless the danger was so glaring that no ordinarily prudent person in like situation would have obeyed.

8. Practice: INSTRUCTION. It is not error to refuse requests to instruct where the findings for which they call are necessarily embraced in the verdict upon the instructions given.

9. Railroad: MASTER AND SERVANT: NEGLIGENCE. Plaintiff was one of a section gang under a foreman. On the way to work, while riding on a handcar, they saw a passenger train approaching on the same track. The gang (under the lead of the foreman) attempted to get the car off, but, when the engine was some sixty feet distant, the foreman ordered the men to "get out of the way ;" plaintiff had not reasonable time to escape and was struck by the handcar when it was thrown off by the engine ; held, that the question of negligent direction of the foreman and of contributory negligence of plaintiff were for the jury.

*Appeal from Saline Circuit Court.*—HON. RICHARD FIELD, Judge.

AFFIRMED.

ACTION for personal injuries. Judgment for plaintiff. Defendant appeals. The facts are stated in the opinion of the court.

*Samuel Boyd* for appellant.

(1) The petition does not state facts sufficient to constitute a cause of action. *Hudson v. Railroad,*

101 Mo. 31; *Steffen v. Mayer*, 96 Mo. 420; *Milburn v. Railroad*, 86 Mo. 109; *Railroad v. Hester*, 11 S. W. Rep. 104; 72 Tex. 40. The court should have given instructions, numbered 5, 6, 8 and 9, asked by defendant. Plaintiff knew the danger and assumed the risk. *Cummings v. Collins*, 61 Mo. 520; *Aldridge v. Blast Co.*, 78 Mo. 559; *Steffen v. Mayer*, 96 Mo. 423; *Hudson v. Railroad*, 101 Mo. 33. (2) The first instruction given for plaintiff was not supported by the evidence. The evidence showed that plaintiff's injuries occurred in attempting to take the handcar off the track, after the handcar had been stopped, and plaintiff had got off of it, and that the negligent running of the handcar was not the proximate cause of his injury. *O'Brien v. Steel Co.*, 100 Mo. 189; *Gurley v. Railroad*, 93 Mo. 450. (3) The second and third instructions given for plaintiff were erroneous, because the petition does not charge negligence in removing the handcar, and the action is not based upon such negligence. *Buffington v. Railroad*, 64 Mo. 246; *Ely v. Railroad*, 77 Mo. 34; 81 Mo. 373. (4) The fact that plaintiff stumbled and fell is not charged to be negligence in defendant. *Railroad v. Hester*, 72 Texas, 40; 11 S. W. Rep. 1041; *Railroad v. Estes*, 37 Kansas, 715; s. c., 16 Pac. Rep. 131; *Parker v. Railroad*, 83 Ga. 539; *Parker v. Railroad*, 10 S. E. Rep. 233.

*Davis & Wingfield* and *A. F. Rector* for respondent.

(1) The demurrer to the evidence was properly overruled. (2) There was no variance between the petition and evidence. (3) The question of contributory negligence by plaintiff was submitted to the jury under proper instructions, and the finding was against the defendant, and the finding was conclusive. *Tell v. Coal Co.*, 23 Mo. App. 226; *Herriman v. Railroad*, 27 Mo. App. 435; *Petty v. Railroad*, 88 Mo. 315; *Mauerman v. Seimerts*, 71 Mo. 104. (4) The negligence charged in the petition was the proximate cause

of the injury complained of ; the negligence of Klein in operating, managing and controlling said handcar, and attempting to remove the same from the track under the circumstances caused the injury to plaintiff, and the defendant is liable ; this is true, although other causes may have concurred at the time to produce the injury. *McDermott v. Railroad,* 87 Mo. 302 ; *Payer v. Bucksport,* 18 Am. Rep. 239. ( 5 ) There was no error in refusing instructions, numbered 5, 6, 7, 8 and 9, asked by defendant. Instruction, numbered 5, did not declare the law. Plaintiff is not expected to be equal to the foreman in judgment, and must be governed by the foreman in all things except such as present such manifest danger as a prudent man would see and refuse to remain in. *Herriman v. Railroad,* 27 Mo. App. 443.

BARCLAY, J.—Plaintiff sustained the damage which forms the subject of this action, near the city of Marshall, Missouri, while in the defendant's employ as a section hand. His evidence tended to show that he was working under Mr. Klein, foreman of the section on which the accident took place. The men began work usually at seven A. M. On the day of the injury, August 7, 1888, the westward bound passenger trains of defendant's line, due at Marshall at five and six A. M., respectively, had not arrived, when the time came for the section gang to go to work. Klein learned at the telegraph office that these trains were overdue. He ordered a handcar put on the track and started eastward with his crew of five men ( including plaintiff ). The handcar carried necessary tools, as well as the foreman, and all the men excepting one who went ahead at some distance to give warning on the approach of a train. About a mile east of Marshall, they met the first train. The men lifted the handcar from the track, and the train passed without mishap. The car was then replaced and continued its course eastward ; but, this time, no one was sent forward ; all the men rode on the car.

After proceeding thus two miles, the second train was seen approaching, around a curve, emerging from some timber, at the rate of thirty-five or forty miles an hour. When first observed, it was about nine hundred or one thousand feet away. The foreman immediately stopped the handcar, jumped off as quick as he could, and began to lift it from the track ; all the men did likewise. They did not get the car off. When Klein saw the engine was about sixty feet from them, he called to the men to "let the car go, and get out of the way." They tried to do so. All escaped save plaintiff, who had the misfortune to stumble and fall near the track, and, on rising to his feet, was struck by the handcar as the latter was thrown to one side by the passing locomotive. Both of his legs were broken, and he suffered severely in consequence.

When the foreman and men had hold, before the catastrophe,· three stood in front, and three at the end of the car. Plaintiff was in the middle of the latter group, on the side farthest from the coming train and facing it.

Plaintiff had had several months' previous experience as a track hand ; but had been employed by Klein, as one of this gang, only the day before the accident.

The jury returned a verdict for plaintiff for $4,000 ; and, after the usual preliminaries, defendant appealed.

The defendant offered no testimony ; so that the plaintiff's was uncontradicted ; but from this it is not to be assumed that that evidence is to be accepted as true.

The allegations of plaintiff's cause of action were denied by the answer. Thus was imposed on plaintiff the burden of proving the facts necessary to a verdict in his favor. Upon his submission of proofs to support the issue, on his part, the defendant was entitled to have the triers of fact determine its credibility, though defendant may have tendered nothing to contradict it. Should a verdict be returned against the

evidence given in such circumstances, it might furnish a matter for the corrective action of the trial court in a proper case; but not for the exercise of the revisory power of an appellate court reviewing questions of law only.

It is not necessary to give the reasons for these positions. They inhere in a proper understanding of the system of trial by jury, as established by our constitution and laws, and have been already clearly stated by Commissioner Philips in *Gregory v. Chambers* ( 1883 ), 78 Mo. 298, where some of the earlier cases to the same effect are cited.

We are aware that intimations to the contrary have been thrown out in several decisions; but we do not regard those intimations as furnishing a safe guide for the action of appellate courts in Missouri. Instances may, and often do, arise in which the conduct of the case at the trial involves a concession or admission by a party of material facts previously in issue. In that event no court can properly deprive the benefited party of the full effect of such admission or concession. Our remarks do not apply to such instances, or, indeed, to any other facts than those now before us.

Here we shall treat the undisputed testimony for the plaintiff, in determining its sufficiency to support the verdict, just as it would be treated if it had been met by evidence of the defendant, as it was met by denials in the answer. And so the trial court viewed this phase of the case.

The cause was submitted to the jury on plaintiff's theory of defendant's negligence in the management of the handcar and crew by the section foreman; and, on the other side, the question of plaintiff's exercise of ordinary care, in the circumstances, was presented.

Both of these issues were finally given to the jury as questions of fact; but, in the first instance, the court was called upon to meet them by an instruction, asked by defendant, in the nature of a demurrer to the

evidence. That instruction was refused, and error is now assigned upon that ruling.

I. From the outline already given of plaintiff's case it will be seen that he was a laborer under the orders of the foreman Klein, and, at the time of the accident subject to the sole authority of the latter.

It is a part of the personal duty of the master to give direction to the work he undertakes, and to prescribe the system or method of conducting it. In so doing he must use ordinary care for the safety of those engaged in his service.

Accordingly it has been held that the omission to adopt and to enforce rules, necessary for the reasonably safe management of a business as complex and as hazardous to life and limb as that here in view, may sometimes form the basis for a finding of negligence on the part of the master. *Reagan v. Railroad* (1887), 93 Mo. 348; *Abel v. President* (1891), 128 N. Y. 662; *Whittaker v. President* (1891), 126 N. Y. 544. Such holdings rest upon the same principle that supports the rule of liability for defects in the plant or appliances. As has lately been tersely said in a case which received very thorough consideration, "a master is no less responsible to his workmen for personal injuries occasioned by a defective system of using machinery than for injuries caused by a defect in the machinery itself." Lord WATSON in *Smith v. Baker* (1891), L. R. App. Cas. 353.

Rules, however, are but one means of giving direction to the master's work. Its guidance, as to details, is often necessarily intrusted to managers, foremen and others.

By whatsoever name such a superior employe may be called, his relation to the subordinates, acting under his orders, is not that of a fellow-workman in respect to his performance of the master's function of directing them and the work in his charge.

In the case before us, defendant placed plaintiff under the control of the section-foreman Klein, as to

the mode and manner of performing the labor he had engaged to do. Any want of ordinary care on the part of the foreman in commanding that labor involved a breach of the master's duty mentioned, and cannot. justly be regarded as the negligence of a fellow-servant.

It is not thought needful to discuss this proposition further at this time, in view of the attention it has received here of late. *Stephens v. Railroad* ( 1888 ), 96 Mo. 207; *Dayharsh v. Railroad* ( 1890 ), 103 Mo.. 570.

Plaintiff assuredly assumed all ordinary and usual risks of the service in which he engaged ; but he certainly did not assume unknown perils arising from any omission of reasonable care in the performance of the master's duty of control of the work in hand. That duty was devolved upon the section foreman by defendant, and, in its discharge, the law required him to use common prudence to so direct the movements of those subject to his orders as not to expose them to any greater danger than was usually incident to the employment.

We think the plaintiff's testimony tends to show a want of such care on the foreman's part. The facts leading up to the accident have been already stated, and need not be repeated.

It may be that the plaintiff's injury should be ascribed, as a matter of fact, solely to his fall near the track, and to the delay it occasioned ; but we believe it cannot be declared, as a conclusion of law, that it might not reasonably be found to have been caused by the foreman's negligence in keeping the men at their posts, trying to remove the handcar, until too late to afford them opportunity for escape from the danger of a collision, and thereby subjecting plaintiff to a greater risk than his service ordinarily involved.

The foreman, it is true, gave them no express command to lift the car off, but his acts were an unmistakable order to that effect. There was little time for speech. Action was the eloquence for the occasion. All present knew that the passenger train had the right

of way, and their united efforts indicated that they interpreted alike the foreman's conduct as a direction to follow his leadership in the attempt to clear the track. The place which fell to plaintiff's lot, in lifting, was probably the most dangerous around the car. As the middle man of three, on the side farthest from the coming train, he stood between the rails until the foreman's order to "let go." It required a longer time to reach a place of safety from his position than from that of any of the other men.

Reviewing the whole evidence, we think it was fairly a case for triers of fact to say whether or not the foreman allowed him reasonably sufficient time to escape the impending danger; and, if not, whether the foreman's omission to do so constituted negligence in directing and managing the car and men; and whether or not such negligence (or want of ordinary care in the circumstances) was the direct cause of plaintiff's injury. These elements made up the case stated in the petition.

No negligence in the management of the locomotive or train was asserted or need be discussed.

It seems almost unnecessary to observe that there is no room in this case for the application to plaintiff's conduct of the maxim, "*volenti non*," etc. The risk occasioned by the foreman's negligence, which forms the gist of defendant's present liability, was of such a nature as could not have been previously known to plaintiff by any ordinary exercise of care or foresight; and it cannot, we think, be reasonably regarded as one of the usual perils of the master's service in which plaintiff embarked.

In this connection it may be well to notice one of defendant's exceptions, touching the refusal of its request for the following instruction, viz.:

"The court instructs the jury that when plaintiff entered into the employment of defendant as a section hand he assumed all risk of injury usually incident to

the service he engaged to perform, and if the jury
believe from the evidence that, when plaintiff undertook
to work for defendant on its track, he knew that in
going to and from his work he would be required to
travel on the track on handcars, and that trains were
run over the road at regular and irregular times, with-
out notice to section men, then he assumed all risks
usually incident to passing and attempting to pass such
trains."

In declining to so instruct we think there was no
error. Whatever may be the nature and extent of the
usual risks of such a service (as to which this case
requires no expression of opinion), it is clear that
omission of ordinary care in the conduct and direction
of the business is not one of such risks. Negligence in
the performance of any personal duty of the master is
not (speaking generally) such a peril as an employe
should reasonably apprehend, or be considered to
assume. Dangers arising from such negligence cannot
justly be regarded as ordinary risks of the employment.
The instruction was, hence, irrelevant to the only issue
on which plaintiff claimed a right of recovery on the
facts.

II.   We next view the case with reference to the
plea that plaintiff's negligence should bar his recovery
of damages.

"There is a clear and logical distinction between a
defense resting upon the assumption of risks, and that
predicated upon such negligence. Even if a servant
encounters, in the service, perils which are held unusual
and extraordinary, he is, nevertheless, bound to use
ordinary care to avoid injury thereby." *Alcorn's case,*
108 Mo. 81. That care is to be judged from the stand-
point furnished by the facts of the particular case, and,
also, by considering (as a very discriminating judge
has recently remarked) "under what exigency he
acted ; that is to say, the exigency legitimately may
affect, not only the question how far he appreciated, or

ought to have appreciated the danger, but also how far he could run a risk, known to be greater than prudently could be incurred under ordinary circumstances, without losing his right to recover in case he was hurt." *Pomeroy v. Inhabitants* ( 1891 ), 154 Mass. 462.

So, in passing on this plaintiff's conduct in obeying the tacit direction of the foreman and in standing to his work until ordered to "let go and get away," we must bear in mind, not only the servant's general duty of obedience, but the self-evident danger to defendant's passengers on the train, in event of a collision with the handcar.    It is true, that in this instance the locomotive tossed the car from the track without damage to the train or its cargo ; but the possibility of serious injury from such a meeting was obvious, at least to an experienced railroad man, if, indeed, it is not a matter of common knowledge.

Persons are justified in taking somewhat greater risks to protect human life or limb than would be sanctioned in other circumstances.

In view of all the facts before us, we are of opinion that it cannot properly be said that the act of the plaintiff, in remaining at his post to aid in averting the possibility of a collision until his superior pronounced the effort hopeless, was negligent, as a matter of law.

We think his conduct falls within the protection of the rule that has been sometimes stated to be that if "the master orders the servant into a situation of danger, and he obeys, and is thereby injured, the law will not deny him a remedy against the master on the ground of contributory negligence, unless the danger was so glaring that no prudent man would have entered it, even where, like the servant, he was not entirely free to choose." *Stephens v. Railroad* ( 1888 ), 96 Mo. 212 ; *Keegan v. Kavanaugh* ( 1876 ), 62 Mo. 230.

This rule, closely viewed, amounts to nothing more than a statement, that, in determining what is ordinary

care on the part of a given individual, all the circumstances of his position should be regarded, including, in cases like the present, the servant's orders, the demands of his duty, the apparent risk to be met, and the purpose of his action, no less than his physical surroundings.

Having weighed all these considerations, unless the case then discloses that the risk was such as would not be taken by a man of common prudence, so situated, the court cannot justly declare the assumption of that risk by a servant, in obedience to orders, as negligence.

To warrant such declaration by the court ( as has often before been said ), it must be satisfied that no other conclusion is fairly deducible from the evidence, giving plaintiff the benefit of every favorable inference that may be reasonably drawn from it. *Becke v. Railroad* ( 1890 ), 102 Mo. 544; *Barry v. Railroad* ( 1888 ), 98 Mo. 62. Here we are not so satisfied ; but, on the contrary, regard the issue of plaintiff's negligence as a proper one for the jury.

The only reasonable inferences of negligence on his part, suggested by the testimony, arise from his remaining so long at his post of work with the foreman, in view of the coming train, and from his falling outside the track afterwards in the effort to escape.

As to the first of these acts, the jury were plainly told (by the fourth instruction for defendant) that if they found "that plaintiff saw the approaching train, and, at the time he undertook to remove the handcar from the track the danger of a collision with the handcar was manifest to any section man of ordinary care and caution ; and that, after such danger was so manifest, plaintiff had time, by the exercise of reasonable care to get out of the way, then it was the duty of plaintiff to abandon the handcar and get out of danger, regardless of the orders of the foreman, or his duty to defendant to remove the car, and, failing to do so, he cannot recover, and the verdict must be for the defendant."

As to the second (plaintiff's fall), the court ('in defendant's third instruction) declared that, if the foreman notified plaintiff to get out of the way, in time for a section man of ordinary vigilance and judgment to avoid danger from collision, the finding should then be for defendant.

So that had the jury found plaintiff wanting in ordinary care, with respect to either of these phases of the case they were bound to return a verdict for defendant under the instructions. Their finding for plaintiff consequently negatived any negligence of his in the circumstances.

III. We now reach defendant's exceptions to rulings upon the other instructions.

It is claimed that those given for the plaintiff submit a different sort of negligence to the jury as actionable from that counted upon. Negligence on the part of the foreman Klein "in so running the handcar" is charged in the petition, after a statement of the substance of the facts we have mentioned above, preceding plaintiff's injury.

It is insisted that no negligence in "running" the car was shown; but it is evident that that term was employed, and (in the connection in which it appears) should fairly be construed to mean "operating" the car; and in that expression may reasonably be comprehended the management of the men engaged in its operation. The petition is unnecessarily prolix in furnishing the particulars of the occurrence. Defendant could not possibly have misunderstood the nature of the plaintiff's grievance alleged in it.

All the plaintiff's instructions place his right of action solely on the ground of Klein's negligence in the direction of the car and men. They are verbose and need not be quoted as models for imitation; but each requires a finding of negligence, or "want of proper care and caution," on the part of Klein, in the management of the handcar, as essential to plaintiff's recovery.

They are not as explicit in all respects as might be desired; but any defects in them, in this regard, are corrected by the limitations in those given at the instance of defendant. In the latter the jury were told, *first*, not to consider any evidence of the speed of the train, or that it did not stop, or of the acts or omissions of the trainmen; *second*, that the verdict should be for defendant, if Klein used ordinary care in attempting to remove the handcar from the track, after the train came in sight, and the injury of plaintiff was caused by accident, without negligence of the foreman; while defendant's third and fourth instructions (mentioned already in the second paragraph of this opinion) presented for decision the question of plaintiff's exercise of reasonable care for his own safety.

Reading the instructions together (as they should be read), we do not discern in them any material error to the prejudice of defendant's substantial rights upon the merits. R. S. 1889, secs. 2100, 2303. We think they assert correctly the principles of liability hereinbefore announced, and only permit a recovery by plaintiff in conformity thereto.

The defendant's instructions closely confined the inquiry, as to the proximate cause of plaintiff's injury, to a consideration of the foreman's negligence in the matter of attempting to remove the handcar from the track; and declared, in effect (in the third), that if he gave plaintiff sufficient time for escape to have enabled a section man of ordinary vigilance to avoid the danger of collision, there could be no recovery.

Under these instructions, the jury would have been bound to find for defendant if they believed the fall of plaintiff, in his haste to escape, to have been the efficient cause of his injury; or, indeed, if they found that cause to have been any other than the foreman's negligence already indicated.

IV. Respecting the errors assigned upon the refusal of other requests for instructions all that need

be said is that the findings for which the latter call were necessarily embraced in the findings upon the instructions which the court gave.   The refusal of such requests is not error in a civil action, where this court, viewing the case broadly on its merits, is of opinion that such ruling did not injuriously affect the substantial rights of the appellant.   *Haniford v. City of Kansas* ( 1890 ), 103 Mo. 182 ; R. S., secs. 2100, 2303.   Such is our opinion here.

V.   No point is made upon the instruction touching the measure of damages or upon the award thereunder.

The case bears many points of resemblance to *Stephens v. Railroad* ( 1888 ), 96 Mo. 207 ; and, in the main, is governed by the same general principles.

The judgment is affirmed, all the judges of this division concurring.