Bank v. Hainline.

ADAMS COUNTY BANK, Respondent, v. F. T. HAINLINE
et al., Appellants.

Kansas City Court of Appeals, November 23, 1896.

1. **Bills and Notes:** FRAUDULENT INCEPTION: INNOCENT HOLDER:
PRACTICE: JURY. Possession of a note regularly indorsed entitles
the holder to recover. When, however, its inception is shown to
have been in fraud, the maker should prevail, nothing further appearing; but, if the holder shows by uncontradicted evidence his *bona
fides* and purchase before due, he is entitled to judgment and there
is nothing to submit to the jury.

2. **Trial Practice:** JURY QUESTION: PEREMPTORY INSTRUCTION. If
on the trial there is in the opinion of the court nothing to contradict
the evidence offered to support a party's cause, such party is entitled
to a peremptory instruction.

3. **Appellate Practice:** CONTRADICTED EVIDENCE: RULE. In a case
where the evidence so far as appears by the record is uncontradicted
and the trial court nevertheless refuses the peremptory instruction,
the appellate court will assume that the trial court saw something in
the manner of the witnesses to impair their testimony and will not
interfere with the verdict. On the other hand, if apparently unquestioned evidence is followed by a peremptory instruction, the
appellate court will assume there was nothing to impair the force of
the testimony and will refuse to interfere.

*Appeal from the DeKalb Circuit Court.*—HON. W. S.
HERNDON, Judge.

AFFIRMED.

*Wm. Henry* for appellants.

(1)    Although it is settled law that a mere failure
or lack of consideration is no defense to a negotiable
promissory note unless the maker brings knowledge
of the facts that impeached it home to the holder
(1 Daniel, Neg. Instr. [3 Ed.], sec. 814 *a; Bennett v.*

*Torlina,* 56 Mo. 309; *Meyers v. Robinson,* 93 Mo. 114), yet it is equally well settled that when the maker of such paper proves that it had its inception in fraud, or when the proof raises a strong presumption of fraud, it is incumbent upon the holder, before he can recover, to prove that he acquired it *bona fide* before maturity and for value, and under circumstances which create no presumption that he knew the facts which impeach its validity. 1 Daniel, Neg. Instr. [3 Ed.], sec. 815; *Cass County v. Green,* 66 Mo. 468; *Campbell v. Hoff,* 129 Mo. 324; *Bank v. Stanley,* 46 Mo. App. 440; *Henry v. Sneed,* 99 Mo. 422; *Jones v. Burden,* 56 Mo. App. 199; *Johnson v. McMurry,* 72 Mo. 278; *Carson v. Potter,* 22 Mo. App. 179; *Samuel v. Potter,* 28 Mo. App. 365. (2) The court committed error in giving the instruction with absolute directions to find for the plaintiff, for it was for the jury to determine under all the evidence whether plaintiff purchased the note *bona fide,* before maturity and for value, etc. *Samuel v. Potter,* 28 Mo. App. 369; *Johnson v. McMurry,* 72 Mo. 283, 285; *Carson v. Potter,* 22 Mo. App. 284; *Kenney v. Railroad,* 80 Mo. 573; *Bryan v. Wear,* 4 Mo. 106; *McAfee v. Ryan,* 11 Mo. 365; *Myers v. Union Trust Co.,* 82 Mo. 238; *Steamboat v. Matthews,* 28 Mo. 248.

*Turney & Goodrich* for respondent.

(1) The court did not err in refusing to submit the case to the jury. There is no conflict in the evidence, and in such cases the only questions for decision are questions of law. Every fact in this case is proved, not by a preponderance of the evidence, but by all the evidence. *Woolner v. Levy,* 48 Mo. App. 469; *Powell v. Powell,* 23 Mo. App. 365; 2 Thompson on Trials [1 Ed.], sec. 2262, and cases cited. (2) The only question was and is a question of law, that is, do the

facts testified to by Wm. Kerr entitle the plaintiff to recover, notwithstanding the facts of fraud and want of consideration testified to by the defendants. His testimony is undisputed; and there is nothing on the face of the note, and nothing in the character of the transaction or the parties to excite suspicion or provoke inquiry. We believe there is no Missouri case now recognized as an authority that would justify a court in finding for the defendants. The proof for the plaintiff goes further than the decisions require. *Hamilton v. Marks*, 63 Mo. 167; *Bank v. Schoen*, 56 Mo. App. 160; *Mayes v. Robinson*, 93 Mo. 114.

ELLISON, J.—This is an action on a negotiable promissory note for $1,000. The plaintiff is indorsee of the note. At the close of the evidence the court directed a verdict for the plaintiff for the amount of the note. The defense was failure of consideration and that the note was obtained through the fraud and false representations of the payees as to the qualities of the stallion which the payees sold to defendants, said stallion being the consideration of the note. On the trial the plaintiff introduced the note, duly indorsed. Defendants introduced testimony showing the note had its inception in the false and fraudulent representations of plaintiff's indorsees, and that they had offered to rescind by offering to return the stallion. Plaintiff then introduced testimony showing that it purchased the note without knowledge of any fraud or fraudulent representations; that it purchased it before maturity and paid $900 cash for it and that it did not know of any defense to the note. The evidence was then closed, defendant making no attempt to contradict or dispute the testimony for plaintiff. The court then instructed the jury to find for plaintiff the amount of the note and interest.

Defendants' appeal is based upon the contention that the question of whether plaintiff was an innocent purchaser should have been submitted to the jury. To sustain this contention, the defendants rely mainly on the cases of *Johnson v. McMurry*, 72 Mo. 279, and *Carson v. Potter*, 22 Mo. App. 284. It is contended that it is there decided that notwithstanding there is no evidence to contradict an indorsee plaintiff, that he purchased the note for value, before maturity, without notice and without knowledge of any defense to the note, that the matter should be submitted to the jury to determine. We believe that while those cases are not as clear as they might be on this point, yet they were not intended to assert what is now claimed. In this state a jury does determine the evidence and, under the supervisory control of the trial court, the weight of the evidence. But where there is *no* evidence, it is the province of the court to determine the case by peremptory instruction to the jury.

In the case at bar there was no evidence against plaintiff's case, as it existed at the close of the testimony. When it appeared that plaintiff was in possession of the note regularly indorsed, it was entitled to recover, nothing else appearing. *Hamilton v. Marks*, 63 Mo. 170; *Johnson v. McMurry*, 72 Mo. 278. But when defendants' showing made it appear that the note had its inception in fraud, and was without consideration, then, nothing further appearing, defendants should have prevailed. But when plaintiff then showed by uncontradicted evidence that he knew nothing of the fraud and purchased before due, for value, nothing further appearing, it left it entitled to the verdict. The law is undisputed that notwithstanding fraud in procuring a note, or failure of consideration, yet the maker is liable to the *bona fide* purchaser, before due, who knows nothing of the fraud or failure

of the consideration.   So that it may safely be said in such a case, that if the evidence, in the opinion of the trial court, shows, *without contradiction*, directly or indirectly, by fact or *circumstance*, that the plaintiff is an innocent holder for value, he should recover.   In such case, there is nothing to submit to the jury, and the court should direct a verdict.   The submission of a case to a jury implies that they may decide it either way.   But it has been held that a court should not submit a case to a jury where the verdict will not be permitted to stand, if rendered against the evidence— and this, though there may be a mere scintilla of evidence.   *Morgan v. Durfee*, 69 Mo. 469; *Powell v. Railroad*, 76 Mo. 80; *Commissioners v. Clark*, 94 U. S. 284; *Hendrick v. Lindsay*, 93 U. S. 143; *Reichenbach v. Ellere*, 115 Mo. 588.

When a case is made out for a plaintiff on a legal cause of action, by legal evidence, which, in the opinion of the trial court, is undisputed by fact, or circumstance, and which is *reasonable in its import, according to the human understanding, as applied to the ordinary affairs of life*, he is entitled to have the verdict of a jury.   The jury can not be allowed to arbitrarily confiscate the property of a citizen.   If A sues B on an account for labor and at the trial shows by evidence which is undisputed, even by circumstances of suspicion, in manner of giving testimony, or otherwise, and which B makes no pretense of contradicting or denying (except by his pleading), can a jury in such case confiscate the account by returning a verdict against it? Certainly the trial court would not permit such a verdict to stand.   If it would not be permitted to stand, then why the idle form of submitting the case?

Of course, there may be circumstances developed in a case which become evidence for consideration of the jury.   In many instances, circumstances opposed

to direct testimony are properly allowed to overcome such testimony. Such was the case of *Rice v. McFarland*, 41 Mo. App. 489. The case of *Ganz v. Weisenberger*, 66 Mo. App. 110, involved a question of whether the holders of a negotiable note, having its inception in fraud, were innocent purchasers, and we permitted the circumstances surrounding the parties to control the question. But where there is nothing to dispute or contradict the plaintiff's case—where the .evidence is undisputed and neither *the manner nor conduct* of plaintiff's witnesses, nor the matter of their testimony, nor the circumstances developed in the cause, tend, in the opinion of the trial court, to contradict the case made, no reason exists why a verdict should not be directed. Whenever on the undisputed facts either party should or should not recover, the court may so declare. *Morgan v. Durfee*, 69 Mo. 476; *Hendrick v. Lindsay*, 93 U. S. 143.

This question has been, to a certain extent, before our supreme court in cases other than those cited. It has been held that though there is no evidence contradicting the case made by a party litigant, yet the other party is entitled to have the case submitted to the jury. *Schroeder v. Railroad*, 108 Mo. 322; *Wolff v. Campbell*, 110 Mo. 120, and the cases cited in each. In the *Schroeder* case, the trial court submitted the question to the jury, although the record showed nothing to contradict the plaintiff's evidence, and the defendant introduced nothing. The supreme court held this not to be error. In the *Wolff* case, the trial court directed a verdict for plaintiff, though there was some conflict in the oral testimony. But the supreme court said that since the verdict was manifestly for the right party, as shown by the written contract of the parties, it would refuse to reverse the judgment. Each of these cases, however, asserts the proposition that the

court should not tell the jury that they must believe the witnesses.

I believe the true rule—the only rule founded on reason—is as we have herein stated, that if there is, in the opinion of the trial court, nothing to contradict the evidence offered to support a party's cause, such party is entitled to a peremptory instruction. In such case, a verdict for the other party would be *utterly useless*, since it could not stand. The point of distinction lies in the observance of the action of the trial court. If, in a cause where the evidence, so far as can be made to appear by a record, is uncontradicted and unquestioned, the trial court nevertheless refuses a peremptory instruction, it will be assumed that that court saw something in the manner or conduct of the witnesses to impair the force of their testimony and to make, in some degree, an uncertainty as to their statements, and in such case the appellate tribunal will not interfere. But if the apparently unquestioned and undisputed evidence is followed by a peremptory instruction from the court, it should be assumed in favor of the court's action that there was nothing either in fact, circumstance, manner, or conduct to impair the force of the testimony, and again the trial court's action should not be interfered with.

In *McAfee v. Ryan*, 11 Mo. 365, the court refused a peremptory instruction based on uncontradicted evidence and the supreme court, in refusing to interfere, used the following language, which we insert as illustrating our meaning as to the true rule: "As the counsel thought proper to submit a single question to them, and the court distinctly stated the point in the instruction given, and there was but a single witness on the point, the fair inference from the verdict and the refusal of the court to set it aside is, that neither the jury nor the court credited the witness. There is

actually nothing on the record to indicate any cause for distrusting the veracity of the witness, but there may have been something in his conduct before the jury, or in the relation he bore to the parties, which can not appear to us. The court which tried the case is better qualified to determine questions of this sort than a court of error."

And so in *Memphis v. Matthews*, 28 Mo. 248, the court said that: "All the testimony was on one side, but the jury disregarded it, and the circuit court, who heard the witnesses, sanctioned the verdict of the jury. We must infer from this that the circuit court was satisfied with the course of the jury. The credit due to witnesses is a matter peculiarly for a jury, and any control over the finding of a jury in this respect could hardly be judiciously exercised by this court, which possesses no means of forming a correct opinion and must be guided altogether by what appears on the face of the record. The circuit judge would not, of course, permit a verdict to stand against his own instructions, and as that court has virtually certified to us that the verdict was right, we can not interfere." These cases were approved in *Rosecrans v. Railroad*, 83 Mo. 678. They, in connection with *Morgan v. Durfee* and *Powell v. Railroad*, *supra*, clearly indicate the true rule concerning the question which we have discussed.

In the case at bar, as before stated, the trial court, under the circumstances stated, gave a peremptory instruction for plaintiff, and we affirm the judgment. All concur.