## ST. LOUIS AND THE KANSAS CITY

# COURTS OF APPEALS

AT THE

## OCTOBER TERM, 1907.

*(Continued from Volume 127)*

## HAMMETT & KATTER, Respondent, v. WABASH RAILROAD COMPANY, Appellant.

### Kansas City Court of Appeals, January 6, 1908.

1. **TRIAL AND APPELLATE PRACTICE: Evidence: Instructions.** In a trial before the court where it adopts the defendant's theory of the law the only question is one of fact, and the appellate court is justified in presuming that the court weighed the evidence with care in finding for the plaintiff.

2. **CARRIERS: Non-Delivery: Burden.** Where goods are shipped and not delivered the burden is upon the defendant to justify the non-delivery.

3. **————: ————: ————: Instruction.** The refusal of the demurrer to the evidence is approved.

Appeal from Adair Circuit Court.—*Hon. Nat. M. Shelton,* Judge.

AFFIRMED.

*H. F. Millan* for appellant.

(1) The court erred in refusing defendant's instruction number one in the nature of a demurrer to

the evidence at the close of all of the evidence in the case. The evidence is clear and undisputed that the two boxes arrived at Lexington July 3, 1903, over the Missouri Pacific railroad from Kansas City and by directions of both the consignor and consignee were by the Missouri Pacific reshipped from Lexington to Holden on July 15, 1903, and consignee received and receipted for one box at Holden July 24, 1903. (2) There is no evidence to the effect, and plaintiff no where claims that he ever made any other shipment of two boxes of notions to Salem Kassam at Lexington, Mo., or to any other point.

C. E. *Murrell* and *Campbell & Ellison* for respondent.

(1) The courts of this State have uniformly held that a common carrier is an insurer of goods intrusted to it for transportation, and that when goods are delivered to a common carrier for shipment, it devolves upon it to account for them. Hill v. Sturgeon, 28 Mo. 323; Alexander v. McNally, 112 Mo. App. 566. It is thus clear that plaintiffs made a prima facie case entitling them no matter what evidence defendant might hereafter introduce, to have the question submitted to a jury. (2) A peremptory instruction can never be given to a jury, nor can the court sitting as a jury give a peremptory declaration, where there is any evidence entitling the party offering it, to a determination of the facts nor can such a declaration be given in favor of a party whose evidence is uncontradicted. Vincent v. Means, 184 Mo. 341 and cases cited. (3) Appellant submitted the question as one of fact, and cannot now be heard to say the evidence conclusively showed the contrary. Ellos v. Harrison, 104 Mo. 270.

BROADDUS, P. J.—The facts of the case are as follows: The plaintiffs on June 4, 1903, at Kirks-

Hammett & Katter v. Railroad.

ville, Missouri, delivered to defendant two boxes of goods for shipment to Salem Kassam, consignee, at Lexington, Missouri. In about four weeks thereafter the consignee went to the station at Lexington and made demands for them, but they were not delivered to him for the reason that they had not then arrived at said station. The consignee then directed the defendant's agent, when the goods arrived to reship them to Holden, Missouri. The consignee afterwards received one of said boxes but the other was never delivered. The plaintiffs contend that the lost box never reached Lexington, its destination. The goods were billed at Kirksville to Lexington Junction and it was shown that they would not go farther than Lexington Junction without rebilling.

The defendant contends that the goods arrived at Lexington July 3rd, and were reshipped to Holden July 13th. The defendant's evidence that the goods arrived at Lexington and were reshipped to Holden consists in the statements made by Mr. Loomis the agent of the Missouri Pacific Railroad at that place. His testimony mostly consists of his recollection of what was shown by a way bill and other written entries made in the office of his company which had been destroyed by fire, and from papers he received from his company relating to plaintiff's claim. In some instances he assumed certain facts. He had but little knowledge of the matter, and his statements were not altogether consistent.

The court found for the plaintiff for the value of the goods alleged to have been lost, and defendant appealed.

The defendant tried the case upon the theory that if the goods arrived at their original destination at Lexington and were rebilled at the request of plaintiffs to Holden, Missouri, they were not liable for their non-delivery at said place. The court sitting as a jury adopted the theory of defendant in its declarations of

the law. There was then no error of law so far as defendant was concerned and the question for the court was one of fact. The plaintiffs made out a prima facie case. They showed that the goods were shipped on defendants' road to be delivered at Lexington, and that afterwards it was directed to rebill and reship them to Holden. The goods not having been delivered at either place it devolved upon the defendant to justify the non-delivery. They attempted to do so as shown by the foregoing statement.

The question was one for the court sitting as a jury, whose duty it was to weigh the testimony and to pass upon the credibility of the witnesses, but in doing so had no right to arbitrarily reject competent and credible evidence. We are justified in presuming that the court in weighing the testimony was not satisfied that the evidence of the witness Loomis, which was mainly a detail of what was contained in certain memorandums, was accurate and was of such a reliable character as ought to prevail against plaintiff's prima facie case. Besides the court may not have given full credit to the said witness as he was somewhat contradictory in his statements.

It is held in Bank v. Hainline, 67 Mo. App. 483; "In a case where the evidence so far as appears by the record to be uncontradicted and the trial court refuses the peremptory instructions, the appellate court will assume that the trial court saw something in the manner of the witnesses to impair their testimony and will not interfere with the verdict." [Vincent v. Means, 184 Mo. 327; Huston v. Tyler, 140 Mo. 252.] The court committed no error in refusing defendant's declaration, that under the evidence the plaintiff was not entitled to recover.

For the reason given the cause is affirmed. All concur.