D. J. CRAWFORD, Respondent, v. D. E. STAYTON, Appellant.

Kansas City Court of Appeals, May 25, 1908.

TRIAL PRACTICE: Conflicting Evidence: Jury. Where the evidence is uncontradicted in any way the court should direct a verdict; but where, as in this case, it fails to make out an incontrovertible case, the settlement of the conflict rests in the hands of the jury.

Appeal from Miller Circuit Court.—*Hon. William H. Martin*, Judge.

REVERSED AND REMANDED.

*Moore & Williams* and *W. S. Pope* for appellant.

Appellant insists that the case should have been tried upon the issue joined and upon the contract sued upon and upon no other. The appellant, in support of his position, calls the attention of the court to the following authorities: Knapp v. Henley, 108 Mo. App. 353; Harmon v. Enright, 107 Mo. App. 560; Lad v. Williams, 104 Mo. App. 390; Butts v. National Exchange Bank, 99 Mo. App. 168; Hayden v. Grillo's Administrator, 42 Mo. App. 3; Hugumin v. Hinds, 97 Mo. App. 346; Finch v. Guardian Trust Co., 92 Mo. App. 263; Chinn v. Railroad, 100 Mo. App. 576; Gillette v. Ridge, 117 Mo. 553; McClain v. Railroad, 100 Mo. App. 374; Campbell v. VanStone, 73 Mo. App. 84; Montgomery v. Railroad, 181 Mo. 477; Huggins v. Herne, 74 Mo. App. 86; Story

v. Transit Co., 108 Mo. App. 424; Yoder v White, 75 Mo. App. 155; Brooks v. Railroad, 98 Mo. App. 166; Young v. Ruhwedel, 119 Mo. App. 242; Oliver v. Love, 104 Mo. App. 73; Chipley v. Leathe, 60 Mo. App. 19 et seq.; Gribble v. Everet, 98 Mo. App. 32; Whitson v. Farber Bank, 105 Mo. App. 605; Hogan v. Slade, 98 Mo. App. 44; Hach v. Railroad, 106 S. W. 525.

*R. M. Embry* for respondent.

(1)    The court did right in giving the peremptory instruction.    Judges are no longer required to submit a case to the jury, merely because some evidence has been introduced.    All modern decisions are to the effect, that before the evidence is left to the jury there is in every case a preliminary question for the judge, not whether there is literally no evidence but whether there is any upon which a jury can properly proceed to find a verdict, etc.    Commissioners v. Clark, 94 U. S. 278.    (2)    The doctrine that when there is some evidence or a scintilla of evidence, that the case is one for the jury has been exploded by a large number of modern decisions.    Missouri courts hold that the court has the right to determine the legal effect of the evidence.    Wittkowsky v. Wasson, 71 N. C. 451; Coal Co. v. Sweeney, 15 Kan. 244; Reed v. Deerfield, 8 Allen (Mass.) 522; Todd v. Railroad, 7 Allen (Mass.) 207; Denny v. Williams, 5 Allen (Mass.) 1; Gavett v. Railroad, 16 Gray (Mass.) 501; Davis v. Davis, 7 Harr & J. (Md.) 36; Belt v. Marriatt, 9 Gill (Md.) 331; Chandler v. Von-Roeder, 24 Haw. (U. S.) 227; Wheeler v. Schroeder, 4 R. I. 383; Harris v. Woody, 9 Mo. 113; Haven v. Railroad, 155 Mo. 216; Powell v. Railroad, 76 Mo. 80; Commissioners v. Clark, 94 U. S. 284; Wildo v. Railroad, 24 N. Y. 433; Nolan v. Shickle, 3 Mo. App. 300.    (3)    Where the evidence is such that it would be the plain duty of the trial judge to set aside the verdict, as unsupported by the evidence it is the duty

and prerogative of the court to interfere before submission and direct a verdict. Jackson v. Hardin, 83 Mo. 175; Landis v. Hamilton, 77 Mo. 554; Warner v. Railroad, 178 Mo. 125; Construction Co. v. Transit Co., 102 Mo. App. 469; Furber v. Bolt & Nut Co., 185 Mo. 301; Bank v. Railroad, 98 Mo. App. 300.

ELLISON, J.—This is an action for damages in that defendant broke his contract to pay plaintiff a commission for the sale of defendant's farm. The contract alleged is that plaintiff undertook to sell defendant's farm for forty dollars per acre and that he was to receive all over that sum for which he sold, as his commission. It is then alleged that a proper purchaser was produced, ready, able and willing to purchase at forty-five dollars per acre, but that defendant, disregarding his contract, refused to sell, whereby plaintiff was damaged in the sum of $961.25, that amount representing five dollars per acre. At the close of the evidence the trial court gave a peremptory instruction to find for the plaintiff and thereupon defendant appealed.

Plaintiff contends the trial court properly directed a verdict, since the evidence was uncontroverted, in any way, that he was entitled to recover the amount of the contract price, to-wit: five dollars per acre, for producing the purchaser. If the plaintiff is correct in his view of the evidence he was entitled to the instruction. [Powell v. Railroad, 76 Mo. 80; Jackson v. Hardin, 83 Mo. 175; Warner v. Railroad, 178 Mo. 125; Furber v. Bolt Co., 185 Mo. 301, 311; May v. Crawford, 150 Mo. 504, 527; Bank v. Hainline, 67 Mo. App. 483; Commissioners v. Clark, 94 U. S. 284.]

But defendant makes stout denial of plaintiff's assertions and of his view of the case, and insists that the evidence developed substantial controversy as to the facts, which should have been submitted to the jury for determination. We have gone over the record and find

that the evidence does fail to make out an incontrovertible case for the plaintiff.    The record shows substantial difference as to the facts, which condition demanded settlement at the hands of the jury, and for this reason the judgment cannot stand.    The argument advanced by plaintiff in this court as to inferences and conditions is proper enough for a jury, but does not justify peremptory action by the court.

It would serve no useful purpose to set forth the evidence and determine the case on hypothetical statements which may or may not arise on another trial. But for the error committed we reverse the judgment and remand the cause.    All concur.